UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A.,<br><br>                           *Plaintiff*,<br><br>     v.<br><br>BRIGADE CAPITAL MANAGEMENT, LP,<br><br>                           *Defendant*. | No. 20 Civ. _____ (___) |

## **DECLARATION OF MITALI SOHONI**

Pursuant to 28 U.S.C. § 1746, I, Mitali Sohoni, hereby declare

1.     I am employed as a Managing Director and Head of Financing and Collateralized Loan Obligations ("CLOs") in the Markets and Securities Services business at Citigroup Inc., where I have worked for 15 years. As part of my work, I oversee the CLO Primary and Credit Financing/Total Return Swap business at Citibank, N.A. ("Citibank"). I respectfully submit this declaration in support of Citibank's Motion for a Preliminary Injunction and Temporary Restraining Order.

2.     I make this declaration to the best of my personal knowledge and belief.

3.     I have reviewed a list of accounts managed by Brigade Capital Management, LP ("Brigade"), each of which received an August 11, 2020 payment on a Revlon 2016 Term Loan.

4.     The list of Brigade accounts include investment vehicles such as CLOs.

5.     Citibank does not have access to the investment vehicles' governing agreements. Generally, however, cash collections are dispersed to CLO investors on periodic payment dates in accordance with the Priority of Payments section of the CLO Indenture. Thus, absent a court order, I expect that those vehicles will not retain the funds paid by Citibank on August 11.

6. In addition, CLOs and other types of investment vehicles are typically domiciled in the Cayman Islands or other offshore jurisdictions.

7. Similarly, other funds in the Brigade portfolio are likely to commingle these funds with other assets and distribute to their interested parties.

8. Moreover, if a CLO asset is recovered at significantly higher than the carrying cost, as would be the case here, this event could potentially improve or cure Brigade's Concentration Limitation Tests, Collateral Quality Tests, or Overcollateralization Ratio Tests.

9. Based on generally available information, Brigade may not itself have sufficient [net] assets to satisfy a judgment of $174 million plus accrued interest. As a result, if Brigade does not freeze the funds promptly, there is a substantial risk that it would not be able to satisfy a judgment for that amount.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   August 17, 2020             By:   _____
            New York, New York                  Mitali Sohoni