UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A., <br><br> *Plaintiff*, <br><br> v. <br><br> BRIGADE CAPITAL MANAGEMENT, LP, <br><br> *Defendant*. | No. 20 Civ. _____ |

## DECLARATION OF BRENDAN ZEIGON

Pursuant to 28 U.S.C. § 1746, I, Brendan Zeigon, hereby declare:

1.  I am employed as the Global Head of Loan and Credit Risk Management Services Operations at Citi. As part of my work, I manage the Agency Loans Operations ("Operations") team, which is responsible for, among other things, administering payments on syndicated loans for which Citibank serves as administrative agent. I respectfully submit this declaration in support of Citibank's Motion for a Preliminary Injunction and Temporary Restraining Order.

2.  I make this declaration to the best of my personal knowledge and belief.

3.  On August 11, 2020, Citibank wired funds to lenders on the Revlon 2016 Term Loan (the "August 11 payment"), including Brigade Capital Management, L.P. ("Brigade").

4.  Each wire transfer was accompanied by a calculation statement and a transfer confirmation, both as described below.

    **A.  Calculation Statement**

5.  A calculation statement contains information about the wire transfer, such as its purpose and amount. A true and complete copy of a sample calculation notice sent to Brigade and

relating to the August 11 payment to "Brigade Opportunistic Credit LBG Fund Ltd.," is attached as Exhibit A.

6. The form of the calculation statement and the terms and labels used in the notice are standard and well understood by market participants.

7. The calculation statement includes the date and recipient of the wire transfer and identifies the loan to which the payment relates.

8. The calculation statement includes a reference to "Libor Rate Interim Interest Payment," which shows that the wire transfer relates to a payment of interest only.

9. The calculation statement further states, "Interim interest is due as per the detailed calculation below." A calculation of the interest payment follows.

10. In the calculation itself, "LIBOR Funded" indicates the share of outstanding loan principal held by the lender. "Interest Rate" indicates the applicable interest rate for the applicable interest period. "Day Basis" indicates that interest is paid on the basis of a 360-day year. For example, over a 30-day period, one-twelfth (30/360) of the interest calculated at the annual rate would accrue. "From Date" and "To Date" indicate the period over which the interest payment was calculated. "# of days" indicates the number of days in that period.

11. "Interest Due" is equal to ("LIBOR Funded" x "Interest Rate" x "# of days") / 360 days. Using the figures in Exhibit A,

$17,085,488.60   x 4.25%   x 4 days   / 360 days   = $8,068.15 and

$17,468,301.43   x 4.25%   x 70 days  / 360 days   = $144,365.10.

Those figures sum to $152,424.25.

12.     The "Interest Due" amount is identified further down as "Total Due" and "Credit Amount." The notice shows that the amount intended to be paid is equal to the accrued interest on the outstanding principal balances: $152,424.25.

**B.     Transfer Confirmations**

13.     With each wire transfer, Citibank also sends a transfer confirmation. A true and complete copy of a sample transfer confirmation sent to Brigade and relating to the August 11 payment, redacted to conceal confidential bank account information, is attached as Exhibit B.

14.     Among other information, transfer confirmations show when a wire transfer was submitted and received; the attached example shows that the transfer was both submitted and received on August 11, 2020.

15.     Transfer confirmations also show the amount of the transfer under "Debit Amount" and "Credit Amount." The attached example shows that $17,620,725.68 was transmitted to Brigade for the benefit of "Brigade Opportunistic Credit LBG Fund Ltd."

16.     Ordinarily, the Credit Amount on the calculation statement would match the Credit Amount on the transfer confirmation. The discrepancy between the figures on Exhibit A and Exhibit B indicates that an incorrect amount was mistakenly transferred.

17.     Brigade ultimately received 40 notices promising credit amounts totaling $1,501,145.27, on principal of $174,651,497.63. It received wire transfers totaling $176,152,642.90—$174,651,497.63 more than it was due.

**C.     The August 11, 2020 Transfers**

18.     Citibank is continuing to investigate the reasons for the mistaken overpayments on the Revlon 2016 Term Loan that occurred on August 11, 2020.

19. Before Citibank made the payment to lenders, Revlon had remitted funds to Citibank in an amount equal to the interest that was payable on August 11. There was no principal payment scheduled for August 11, and Citibank never received funds from Revlon to pay any principal on August 11.

20. At this time, Citibank believes that a human error in the processing of the interest payment mistakenly caused the amounts of the payments to be increased far beyond the correct amounts stated in the calculation notices.

21. The overpayment was discovered during Citibank's daily cash reconciliation on August 12, 2020.

22. Upon identifying the issue, Citibank promptly notified Brigade of the mistaken payments. True and complete copies of those notices are attached as Exhibits C and D.

23. On August 14, 2020, Revlon, Inc. and Revlon Consumer Products Corporation issued an 8-K stating that "As of August 12, 2020, the outstanding principal amount under the Credit Agreement [governing the Revlon 2016 Term Loan] was $888.6 million." That amount is unchanged from the outstanding principal balance before the August 11 payment. A true and complete copy of that 8-K is attached as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   August 17, 2020              By: _____
            New York, New York                Brendan Zeigon