UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
CITIBANK, N.A.,                                                         :
                                                                        :
                                    Plaintiff,      :   20-CV-6539 (JMF)
                                                                        :
            -v-                                                         :
                                                                        :
BRIGADE CAPITAL MANAGEMENT, LP,                                         :
                                                                        :
                                    Defendant.      :
                                                                        :
------------------------------------------------------------------------X
:
CITIBANK, N.A.,                                                         :
                                                                        :
                                    Plaintiff,      :   20-CV-6617 (JMF)
                                                                        :
            -v-                                                         :
                                                                        :
HPS INVESTMENT PARTNERS, LLC et al.,                :   ORDER
                                                                        :
                                    Defendants.     :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Earlier today, at a conference conducted before the Court, the parties indicated on the record their agreement that these cases should be consolidated.[1] In light of that, and because the actions involve common questions of law and fact, it is hereby ORDERED that, pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the two cases are consolidated under the case number 20-CV-6539 (JMF). **All future filings should be in 20-CV-6539 (JMF) alone.**

      The parties are hereby ORDERED to meet and confer regarding the scope and timeframe

---

[1] Counsel for Defendants in these actions appeared only on behalf of Brigade Capital Management, LP ("Brigade") and HPS Investment Partners LLC ("HPS"), not on behalf of Symphony Asset Management LLC.

of discovery and pretrial deadlines and shall submit an agreed upon proposed order and joint letter to the Court discussing the same no later than **August 24, 2020.** If the parties do not reach agreement, they parties shall submit competing proposed orders and letters concerning any remaining disagreements **by the same date.**

In addition, as stated on the record at this morning's conference, unless and until the Court orders otherwise, the hearing on any motion for a preliminary injunction is hereby consolidated with the trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2), and is scheduled for **September 30, 2020, and (if necessary) October 1, 2020**. Accordingly, the proceedings currently scheduled for August 31, 2020 are hereby CANCELLED.

The parties should be sure to address the following issues (among others) in their pre-trial submissions:

- At what point in time does the "discharge for value" rule apply?
  - Are there any New York authorities applying the rule in *In re Calumet Farm, Inc.*, 398 F.3d 555 (6th Cir. 2005)?
  - If *Calumet* accurately states the law in New York, how does it apply in this case? Were the debts in this case "discharged" and, if so, when?
- Are Defendants still acting as "good faith" recipients of the funds given that they filed a lawsuit seeking to accelerate payment of the same debt?
- What kind of notice of mistake is required under New York law when applying the discharge for value rule — constructive or actual? Relatedly, should the Court's holding in *Regatos v. N. Fork Bank*, 5 N.Y.3d 395, 404-05 (2005), that a bank customer's duty to notify the bank of any unauthorized transfer of funds under U.C.C. § 4-A-204 is triggered by "actual," not "constructive" notice, apply to the "discharge for value" rule?
- Are the fund managers the proper defendants? Factually, what is the relationship between the fund managers and the actual recipients of the funds?

Further, as indicated on the record at today's conference, the temporary restraining order issued in 20-CV-6539 on August 18, 2020, ECF No. 25, is hereby EXTENDED through the date of trial, on consent as of Defendant Brigade and on a finding of good cause for the reasons stated on the record.

The Clerk of Court is directed to consolidate 20-CV-6539 (JMF) and 20-CV-6617 (JMF) under case number 20-CV-6539 (JMF), and to close 20-CV-6617 (JMF).

SO ORDERED.

Dated: August 19, 2020
      New York, New York

                                         JESSE M. FURMAN
                                United States District Judge