UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A., <br>      *Plaintiff*, <br>   v. <br> BRIGADE CAPITAL MANAGEMENT, LP, <br><br>      *Defendant*. | No. 1:20-cv-06539 (JMF) <br><br> **[PROPOSED] ORDER** |
| CITIBANK, N.A., <br>      *Plaintiff*, <br>   v. <br> HPS INVESTMENT PARTNERS, LLC AND SYMPHONY ASSET MANAGEMENT, LLC, <br><br>      *Defendants*. | No. 1:20-cv-06617 (JMF) |
| CITIBANK, N.A., <br>      *Plaintiff*, <br>   v. <br> BARDIN HILL LOAN MANAGEMENT LLC, INVESTCORP CREDIT MANAGEMENT US LLC, GREYWOLF LOAN MANAGEMENT LP, ZAIS GROUP LLC, ALLSTATE INVESTMENT MANAGEMENT COMPANY, MEDALIST PARTNERS CORPORATE FINANCE LLC, TALL TREE INVESTMENT MANAGEMENT LLC, NEW GENERATION ADVISORS LLC, AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS LP, <br><br>      *Defendants*. | No. 1:20-cv-06713 (JMF) |

JESSE M. FURMAN, United States District Judge:

The following order shall govern the further conduct of pretrial proceedings in this case, the caption of which is hereby changed to "*In re Citibank August 11 Wire Transfers*":

1. The scope of any discovery in this case shall be restricted to: (1) whether Plaintiff's wire transfers to Defendants on August 11, 2020 were a mistake, and (2) the viability of the defendants' discharge-for-value affirmative defense.

2. Document discovery shall be limited to non-privileged internal and external communications by the parties between August 7, 2020 and August 17, 2020 that are relevant to whether the August 11 wire transfers were a mistake and/or Defendants' discharge for value defense.

3. Each party shall be required to produce no more than two fact depositions of party witnesses, which may include a deposition of an organization pursuant to Rule 30(b)(6). Plaintiff and Defendants in aggregate shall each be limited to no more than two depositions of third party witnesses.

4. By August 25, 2020, the parties shall serve upon one another their initial disclosures and requests for production and interrogatories.

5. By August 28, 2020, the parties shall serve upon one another their responses to requests for production and responses to the opposing party's interrogatories.

6. By September 7, 2020, the parties shall complete production of responsive materials to the opposing party.

7. By September 14, 2020, the parties shall complete the taking of depositions.

8. By September 21, 2020, the parties shall complete discovery of materials relating to the testimony of any expert witnesses, if the parties determine such discovery to be necessary.

9. By September 25, 2020, the parties shall file a Joint Pretrial Order, including any and all information relevant to the trial referenced in the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) with respect to Joint Pretrial Orders.

10. By September 25, 2020, the parties shall each file Proposed Findings of Fact and Conclusions of Law. As there may be no opportunity for post-trial submissions, the Proposed Findings of Fact should be detailed and should include citations to the proffered trial testimony and exhibits, and the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court. The parties may not submit additional memoranda of law (before or after trial) without leave of Court.

11. By September 25, 2020, the parties shall serve, but not file, affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (*i.e.*, they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (*e.g.*, as to any evidence offered in connection with the witness's direct testimony).

12. By September 25, 2020, the parties shall also serve, but not file, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

13. By September 25, 2020, the parties shall provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — *e.g.*, "PX-1," "DX-1," etc.) on either a CD-ROM or a flash drive. If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy. Each hard copy shall be pre-marked (that is, with an exhibit sticker) and assembled sequentially in a loose leaf binder (not to exceed 2 1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number. The parties shall also provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted. The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted." The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during trial.

14. Three business days after submission of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits should be brought to trial to be marked as exhibits.

15. The parties shall be prepared for trial to begin on September 30, 2020. If necessary, the trial will continue through October 1, 2020.

SO ORDERED.

Dated: August 24, 2020
New York, New York

JESSE M. FURMAN
United States District Judge