**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7444**

WRITER'S EMAIL ADDRESS
**robertloigman@quinnemanuel.com**

August 24, 2020

**VIA E-MAIL: FURMAN_NYSDCHAMBERS@NYSD.USCOURTS.GOV**

Hon. Jesse M. Furman
United States District Court for the Southern
District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Citibank, N.A. v. Brigade Capital Management, LP, No. 1:20-cv-06539[1]

Dear Judge Furman:

We represent defendants Brigade Capital Management, LP, HPS Investment Partners, Symphony Asset Management, Bardin Hill Loan Management LLC, InvestCorp Credit Management US LLC, Greywolf Loan Management LP, Zais Group LLC, AllState Investment Management Company, Tall Tree Investment Management LLC, Medalist Partners Corporate Finance LLC, and New Generation Advisors LLC.  Together, these eleven Defendants received almost 60% of the total funds that Citibank transferred via wire on August 11, 2020.  We submit this letter pursuant to this Court's order to the parties to meet and confer and present to this Court a plan for discovery and trial.

Defendants respectfully believe that full discovery in advance of a September 30 preliminary injunction hearing and trial is not plausible, and therefore propose an alternative schedule that, though highly expedited, would call for trial at the end of this year.  Further, Defendants propose to proceed with a motion day on September 30, to address the issues already posed by this Court, which we believe would promote efficiency by potentially streamlining or mooting certain issues in dispute between the parties, and any discovery disputes that may have arisen.

**A.  Citibank's Conduct Demonstrates That There Is No Urgency To Proceed To Trial Next Month**

Citibank has sought a preliminary injunction and expedited trial because it has alleged that it will suffer irreparable harm in the absence of such expedited relief.  However, as Defendants

---

[1] Defendants propose that this action be re-captioned:  *In re Citibank August 11 Wire Transfers*.

indicated to this Court during its August 21, 2020 temporary restraining order hearing, Citibank has demonstrated that it has no such concern: Citibank has rejected all offers to return the disputed funds to Citibank in exchange for a standard indemnity,[2] which would provide that Citibank would pay back the funds were it later determined that Citibank was not entitled to the funds.

Citibank has not explained why such an approach would not eliminate any purported irreparable harm and eliminate the need to burden this Court with hearings on injunctive relief.  *In any event, Defendants are willing to consent to the extension of the terms of the extant temporary restraining orders through trial disposition on the proposed schedule set forth below*.

### B.  Defendants' Proposed Expedited Schedule is Reasonable and Gives Citibank the Expedited Preliminary Injunction Hearing and Trial it Requests

Defendants respectfully do not believe it is feasible for the parties to exchange sufficiently complete discovery to proceed to trial in September, for reasons detailed in Section C, *infra*.  But it is Defendants' desire to resolve this dispute around the discharge of their loans as promptly as is reasonably possible.  Thus, Defendants proposed to Citibank a highly-expedited schedule, which calls for a full hearing and trial on the merits less than four months after the date the suit was filed.  (For context, as of June 2020, the average time from file-to-trial in the Southern District of New York in civil cases was over 31 months.)  Defendants' proposed schedule, which is still highly expedited, provides:

- *October 30, 2020 - Close of Fact Discovery*:  Defendants propose only a month and a half for all of fact discovery, including service of requests for production, objections to requests for production, negotiation of custodians and search terms, collection of documents from custodians, review of documents for privilege, creation of privilege logs (and presumably any needed motions to compel), transmittal of documents to the other parties, review of documents, and completion of all fact depositions;

- *November 13, 2020 - Close of Expert Discovery*:  Defendants anticipate the need for expert testimony in this matter, including to address, for instance, what a reasonable lender should have understood when receiving principal payment pursuant to a credit agreement (assuming this court rules constructive notice is the required standard under *Banque Worms*, which Defendants dispute).  We propose to devote only two weeks to the expert phase of the case, including submissions of any reports and rebuttal reports, and expert depositions;

- *November 27, 2020 - Pretrial Submissions*:  Defendants propose two weeks following the close of discovery for the parties to prepare pre-trial submissions;

---

[2] Such indemnities are standard practice when disputed funds are returned to a bank.  Indeed, parties in *Banque Worms v. Bankamerica,* 77 N.Y.2d 362, 570 N.E.2d 189, 568 N.Y.S.2d 541 (N.Y. 1991) used such an indemnity.

- ***November 28, 2020 to December 13, 2020 - Pre-trial Preparations***:  Defendants propose approximately two additional weeks between the submission of pre-trial materials to the Court and the start of trial, consistent with this Court's draft Scheduling Order; and

- ***December 14-15, 2020 - Trial***: Defendants' proposed schedule culminates in a trial in the middle of December, subject to this Court's availability.

We believe that this proposed schedule reflects a realistic—and yet still highly expedited—hearing and trial date, especially now that Citibank has added ten additional defendants to this case, while still suggesting many more may be to come.[3]  We attach a sample proposed Scheduling Order to this letter as Exhibit A.

### C.  Citibank's Proposed Hearing and Trial Schedule and Topics for Discovery are Unreasonable and Prejudicial

On the other hand, Citibank's proposed schedule would be virtually impossible for Defendants to comply with and would severely prejudice Defendants' ability to fairly develop their defenses and try their case.  For example, Plaintiffs' proposed schedule provides for:

- ***August 25, 2020 - Initial Disclosures and requests for production***:  Citibank proposes that initial disclosures be ***due tomorrow*** for all defendants, and that requests for production be due at the same time.  Preparing meaningful initial disclosures—in less than two business days after most of the defendants were added to the case—is implausible.  In addition, the presentation of both simultaneously will almost certainly lead to an inefficient discovery process, as initial disclosures typically inform and help target each party's document requests.

- ***September 7, 2020 - Completion of Document Production***:  Citibank allots nine days from the service of requests for production to the completion of document production, in which time the parties presumably would have to negotiate custodians and search terms, collect documents from custodians, review documents for privilege, and transmit documents to the other parties.  This assumes the parties do not have any disputes that cannot be resolved through the meet and confer process, in which case the parties would need to brief the Court and receive a decision on how to proceed, all in a nine-day period.

- ***September 14, 2020 - Completion of Fact Discovery***:  Citibank affords Defendants seven days from the receipt of documents for loading and processing those documents into a review platform, reviewing those documents, and completing all fact depositions. (Based on our discussions with litigation support professionals, accomplishing these tasks in the

---

[3] The parties have been meeting and conferring regarding whether Citibank will file suit against all of the lenders it transferred the money to.  Given the number of lenders (maybe over 100 in total across the Defendants), this is a highly complex issue, requiring investigation into the legal relationship between fund managers and the underlying funds they manage.  The complexity of navigating such an open issue is one of the reasons that complete resolution of this case next month is not feasible.

time Citibank has allocated in its schedule, may exceed the technical capabilities of many
document review platforms.)

- *September 25, 2020 - Pre-Trial Submissions*:  Citibank proposes five days between
certain submissions to this Court (such as Pre-Trial Orders and Proposed Findings of Fact
and Conclusions of Law) and the start at trial. The draft scheduling order provided by this
Court states that "the parties shall be prepared for trial to begin as early as approximately
two weeks" after submission of those materials.

The unrealistic nature of this schedule is illustrated by Citibank's own conduct since the August
11, 2020 wire transfers.  On multiple occasions, Citibank has advised the undersigned counsel
that it believed it would be able to demonstrate, through a prompt factual presentation, that the
disputed payments were in fact innocuous mistakes.  Yet, as recently as this afternoon, Citibank
advised that it was not yet prepared to shed light on or otherwise explain the putative
mistake.  Finally, within 45 minutes of the agreed upon time for the filing of these letters,
Citibank provided a short and confusing statement and advised that further context or
explanation would have to be obtained through discovery.  Citibank is now proposing a schedule
that allows three weeks for the entire completion of fact discovery, notwithstanding its own
inability over the past 13 days to compile information basic to its claims and Defendants'
defenses.  The issues in this case require more time that Citibank is proposing.

Citibank's unrealistic proposed discovery schedule rests on an unduly narrow view as to the
scope of relevant discovery in this matter.  Citibank seeks to severely limiting discovery into its
own conduct, thereby preventing Defendants—and more importantly the fact finder—from
understanding the nature of Citi's conduct to date and all of the relevant facts leading up to the
wire transfer.  Citibank's position is inconsistent with the Federal Rules, which permit discovery
into "any non-privileged matter that is relevant to any party's claim or defense and proportional
to the needs of the case." FRCP Rule 26(b)(1).  Many of the factors underlying the Federal
Rules—including the importance of the issues, the amount in controversy, the parties' relative
access to relevant information, and the parties' resources—all militate towards rejecting
Citibank's severely limited discovery proposal.

Specifically, Citibank has suggested that it will only permit discovery into its own documents
and records between August 7 and August 17, without any rationale for these limitations, and
only on specific narrow issues.  Defendants are entitled to broader discovery for several reasons.

*First,* Citibank has alleged that its payments were a "mistake," using that term over 20 times in
its complaint and suing Defendants under the cause of action "Payment By Mistake."
Defendants are entitled to discovery to challenge these conclusory assertions.  *In re PE Corp.
Sec. Litig.*, 221 F.R.D. 20, 24 (D. Conn. 2003) ("parties may obtain discovery regarding any
matter which is relevant to a claim or defense of any party.").  Defendants believe the wire
transfers are not, by any means, "mistakes" that can be considered in isolation.  As Defendants
noted in our August 18, 2020 letter, Defendants alleged serial and egregious breaches of the
Revlon 2016 Credit Agreement and sent a notice of default to Citibank in April, a precursor to
accelerating loans under the 2016 Credit Agreement and the filing of the Damages Complaint on
August 12, 2020 by UMB Bank.  Revlon and Citibank knew the Damages Complaint was

4

impending; indeed, Citibank, in further breach of its duties, worked with Revlon to stall its filing for months. *See* Damages Complaint. Moreover, Defendants do not believe an interest payment was payable in due course on August 11, as suggested by Citibank, which reflects a voluntary, willful act on the part of Citibank. Defendants are entitled to discovery to understand the connection between the allegedly mistaken wires and Citibank's unlawful conduct leading up to the very day of the August 11th wire transfers.[4]

*Second,* most of the claims asserted by Citibank are equitable in nature and may require the Court to balance the equities between the parties—the Defendants as the innocent transferees lawfully owed every penny of what was paid against Citibank, the former and disloyal agent to the 2016 Term Lenders, which facilitated Revlon's unlawful transfer of collateral away from Defendants and subsequently spent the last several months conspiring with Revlon to prevent any challenge to its conduct (each as detailed in the Damages Complaint). Because Citibank has made equitable claims, discovery should be permitted into Citibank's conduct over the last several months to permit the fact finder to balance the equities between the parties.

*Third*, and related to the previous point, this Court has asked whether Defendants acted in "good faith" in connection with the filing of a "lawsuit seeking to accelerate payment of the … debt." Defendants are entitled to discovery in order to show that Citibank has in fact acted unlawfully since April of 2020, giving UMB Bank a good faith basis to file suit against Citibank when it did—and indeed several months prior, subject to Citibank's unlawful delay tactics.[5]

*Fourth*, to the extent this Court finds that "constructive notice" is the right standard under New York law when applying the discharge value rule—a standard which we expect to demonstrate New York courts have rejected—Defendants are entitled to discovery into the processes and procedures of Citibank with respect to its practice in sending wire transfers, requesting returns of wire transfers, and its payment of interest and principle under debt obligations.

Defendants have attached as Exhibit B to this letter seven areas of discovery that it has proposed to Plaintiffs.

### D. Defendants Propose A Hearing In September to Potentially Eliminate the Need for Trial, Or Narrow the Issues in Dispute

Finally, while Defendants do not believe that full discovery is feasible by the end of September, Defendants do believe a hearing on September 30 could be productive to address the questions posed by the Court in its Order on August 19 (ECF No. 28), and to resolve any discovery disputes, and thereby potentially negate the need for trial altogether or at least narrow or focus the issues in dispute.

---

[4] Discovery concerning Citibank's conduct related to the wire transfers will also be relevant to Defendants' right under Section 10.7(b) of the 2016 Credit Agreement, and under the common law, to retain the funds as a setoff.

[5] Citibank has also made false allegations to the court that "the undisputed facts are that [Defendants] participated in efforts to cause the debt to come due the next day, precisely so that it could opportunistically assert a contractual setoff right." The record will show that Citibank's statement to this court is entirely baseless.

By way of example, Defendants believe that the "discharge for value" rule applies upon receipt of the funds and that neither New York law nor policy allows for the modified approach under Kentucky law set forward in *In re Calumet Farm, Inc*.  These determinations will serve to streamline discovery going forward.  Moreover, if this Court rules that New York law requires actual notice of error to defeat application of the discharge for value rule—which Defendants believe is the requirement set forth from the New York Court of Appeals—it may obviate the need for certain expert discovery on what a reasonable lender should have known when receiving principal payment pursuant to a credit agreement.

We are available to address these issues with the Court at the Court's convenience.


Respectfully submitted,

<u>/s/ Robert S. Loigman</u>
Robert S. Loigman

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------------X
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :        ___-CV-_____ (JMF)
                     -v-                            :
                                                    :        CIVIL CASE
                                                    :        MANAGEMENT PLAN
                                                    :        AND SCHEDULING
                            Defendant(s).           :        ORDER
                                                    :
------------------------------------------------------------------------X
```

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining Paragraphs should not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.  The parties [have _____ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  Settlement discussions [have _____ / have not _____] taken place.

4.  [*If applicable*] Counsel have discussed an informal exchange of information in aid of early settlement and have agreed upon disclosure of the following information within _____ days/weeks:

    _____

    _____

    _____

    _____

    _____

10/22/2018 Version

5.   Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed no later than _____ _____ .  [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.  Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

6.   Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than than _____.  [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

7.   [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

8.   Discovery

   a.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

   b.   All fact discovery shall be completed no later than _____.  [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   c.   The parties agree that there [is _____ / is no _____] need for expert discovery.  If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless — prior to that date — a party files, and the Court grants, a letter-motion seeking an extension for purposes of taking expert discovery; any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery.  [*If any party believes that there is a need for expert discovery, the parties should complete Paragraph 8(d).*]

   d.   [*If applicable*]  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than _____.  [*Absent exceptional circumstances, a date not more than 45 days from the date in Paragraph 8(b) (i.e., the completion of all fact discovery).*]

   e.   The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs.  Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension.  If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF.  Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

9.      Interim Discovery Deadlines

    a.  Initial requests for production of documents shall be served by _____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*]

    b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by _____.  [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*]  No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ, P. 26(a).

    c.  Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery.  No other interrogatories are permitted except upon prior express permission of the Court.

    d.  Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 8(b).

        i.  Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.  There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e.  Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

    f.  Any of the deadlines in Paragraphs 9(a) through 9(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 8(b).

    g.  In the event that there is expert discovery, no later than thirty (30) days prior to the date in Paragraph 8(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (2) all expert discovery shall be completed by the date set forth in Paragraph 8(c).

10.    All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at https://nysd.uscourts.gov/hon-jesse-m-furman).

11.     In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the
        following modifications.  Any party wishing to raise a discovery dispute with the Court must
        first confer in good faith with the opposing party, in person or by telephone, in an effort to
        resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party
        shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly
        file a letter-motion, no longer than three pages, explaining the nature of the dispute and
        requesting an informal conference.  Any letter-motion seeking relief *must* include a
        representation that the meet-and-confer process occurred and was unsuccessful.  Any
        opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three
        pages, within three business days.  Counsel should be prepared to discuss with the Court the
        matters raised by such letters, as the Court will seek to resolve discovery disputes quickly,
        by order, by conference, or by telephone.  **Counsel should seek relief in accordance with
        these procedures in a timely fashion; if a party waits until near the close of discovery to
        raise an issue that could have been raised earlier, the party is unlikely to be granted the
        relief that it seeks, let alone more time for discovery.**

12.     All counsel must meet in person for at least one hour to discuss settlement within fourteen
        (14) days following the close of fact discovery.

13.     Absent good cause, the Court will not have summary judgment practice in a non-jury case.
        Summary judgment motions, if applicable, and any motion to exclude the testimony of
        experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v.
        Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed
        within thirty (30) days of the close of fact or expert discovery (whichever is later).  Unless
        otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks
        after the motion is served on the opposing party, and a reply, if any, is to be filed one (1)
        week after service of any opposition.

14.     Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery,
        or, if a dispositive motion has been filed, within thirty (30) days of a decision on such
        motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared
        in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).
        The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for
        Civil Cases, which identifies submissions that must be made at or before the time of the
        Joint Pretrial Order, including any motions *in limine*.

15.     If this action is to be tried before a jury, joint requests to charge, joint proposed verdict
        forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial
        Order due date in accordance with the Court's Individual Rules and Practices.  Jury
        instructions may not be submitted after the Joint Pretrial Order due date, unless they meet
        the standard of Fed. R. Civ. P. 51(a)(2)(A).  If this action is to be tried to the Court,
        proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial
        Order due date in accordance with the Court's Individual Rules and Practices.

16.     Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial
        two weeks after the Joint Pretrial Order is filed.

17.   This case [is _____ / is not _____] to be tried to a jury.

18.   Counsel for the parties have conferred, and the present best estimate of the length of trial is
      _____.

19.   Other issues to be addressed at the Initial Pretrial Conference, including those set forth in
      Fed. R. Civ. P. 26(f)(3), are set forth below.

      _____

      _____

      _____

      _____

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for/to _____ no
later than _____.  Any opposition shall be filed by _____.
Any reply shall be filed by _____.  At the time any reply is due, the moving party
shall supply one courtesy hard copy of all motion papers by mail or hand delivery to the Court in
accordance with the Court's Individual Rules and Practices.

      The parties shall contact the Chambers of the Magistrate Judge assigned to this case on or
before _____ in order to schedule settlement discussions under his/her supervision in
or about _____.

      The parties shall file a joint letter by _____ indicating whether they
would like the Court to refer the case to the assigned Magistrate Judge and/or the Court mediation
program for settlement purposes and, if so, approximately when they believe a settlement
conference should be held.

      The next pretrial conference is scheduled for _____ at
_____ in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New
York, New York 10007.

      Absent leave of Court, by **Thursday of the week prior to any future conference**, the
parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case.
The letter should include the following information in separate paragraphs:

   (1) A statement of all existing deadlines, due dates, and/or cut-off dates;

   (2) A brief description of any outstanding motions;

   (3) A brief description of the status of discovery and of any additional discovery that needs to
       be completed;

(4) A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

(5) A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

(6) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(7) A statement of whether the parties anticipate filing motions for summary judgment; and

(8) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

Any application to modify or extend the dates herein (except as provided in Paragraph 9(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

Dated:  _____
New York, New York                      JESSE M. FURMAN
                                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
,                                                                       :
                                                                        :
                                Plaintiff[s],                           :        XX-CV-XXXX (JMF)
                                                                        :
            -v-                                                         :        [PROPOSED] ORDER
                                                                        :
,                                                                       :
                                                                        :
                                Defendant[s].                           :
                                                                        :
----------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

As discussed during the conference held on **DATE**, the following schedule shall govern the further conduct of pretrial proceedings in this case:

1. By **November 27, 2020**, the parties shall file a Joint Pretrial Order, including any and all information relevant to the trial referenced in the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) with respect to Joint Pretrial Orders.

2. At the same time, the parties shall each file Proposed Findings of Fact and Conclusions of Law.  As there may be no opportunity for post-trial submissions, the Proposed Findings of Fact should be detailed and should include citations to the proffered trial testimony and exhibits, and the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court.  The parties may not submit additional memoranda of law (before or after trial) without leave of Court.

3. At the same time, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing.  Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (e.g., as to any evidence offered in connection with the witness's direct testimony).

4. At the same time, the parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

5.  At the same time, the parties shall provide the Court with an electronic copy of each
    exhibit sought to be admitted (with each filename corresponding to the relevant exhibit
    number — e.g., "PX-1," "DX-1," etc.) on either a CD-ROM or a flash drive.  If
    submission of electronic copies would be an undue burden on a party, the party may seek
    leave of Court (by letter-motion filed on ECF) to submit prospective documentary
    exhibits in hard copy.  Each hard copy shall be pre-marked (that is, with an exhibit
    sticker) and assembled sequentially in a loose leaf binder (not to exceed 2 1/2 inches in
    thickness) or in separate manila folders labeled with the exhibit numbers and placed in
    redweld folders labeled with the case name and docket number.  The parties shall also
    provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a
    Microsoft Word document listing all exhibits sought to be admitted.  The list shall
    contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the
    exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall complete the
    first two columns, but leave the third and fourth columns blank, to be filled in by the
    Court during trial.

6.  Three business days after submission of the affidavits discussed above, counsel for each
    party shall submit a list of all affiants whom he or she intends to cross-examine at the
    trial.  Only those witnesses who will be cross-examined need to appear at trial.  The
    original signed affidavits should be brought to trial to be marked as exhibits.

7.  By **December 11, 2020**, the parties shall file any reply memorandum of law to any
    memorandum filed with the Joint Pre-Hearing Order.

8.  The parties shall be prepared for trial to begin as early as approximately two weeks after
    the submission of the Joint Pretrial Order and related materials, but the Court will provide
    further guidance on the scheduling of trial and a final pretrial conference after the parties
    make their pretrial submissions.


SO ORDERED.


Dated: August 23, 2020
       New York, New York                    _____
                                                     JESSE M. FURMAN
                                                 United States District Judge

**Exhibit B**

Proposed Topics for Discovery:

1) Documents and communications regarding Citi's August wire transfers to entities who are lenders under the 2016 Term Credit Agreement (collectively, "Citi's August Wire Transfers"), including documents and communications regarding Citi's requests or attempts to seek return of the funds transferred pursuant to such wire transfers. This topic should include, but not be limited to:

   a) Communications with Revlon and/or MacAndrews & Forbes regarding Citi's August Wire Transfers, including documents concerning the remittance of funds from Revlon to Citi as stated in the Declaration of Brendan Zeigon and the assertion made therein that interest "was payable on August 11."

   b) Communications between Citi (or its agents) and the Federal Reserve, Office of the Comptroller of the Currency (OCC), or any other state or federal regulators regarding Citi's August Wire Transfers or attempts to seek return of those funds and documents provided to or received from these regulators in connection with the foregoing.

2) Documents and communications from April 15, 2020 onwards regarding any payment or contemplation or consideration of any payment to any lender under the 2016 Credit Agreement by Citi, including but not limited to any documents regarding Citibank's allegation in its complaint that interest was due or payable on August 11, 2020.

3) Documents and communications from April 15, 2020 onwards regarding the 2016 Term Loans or the 2016 Term Credit Agreement. This topic should include, but not be limited to:

   a) Communications from April 15, 2020 onwards regarding any event of default noticed or attempted to be noticed by any current or former lender under the 2016 Term Loan.

   b) Communications from April 15, 2020 onwards regarding Citi's resignation as an agent under the 2016 Term Loan.

   c) Communications from April 15, 2020 onwards regarding any potential legal action by any current or former lender under the 2016 Term Loan.

   d) Communications from April 15, 2020 onwards regarding a breach, alleged breach, or potential breach of the 2016 Term Loan.

   e) Communications from April 15, 2020 onwards between Citi and Revlon and/or Revlon's agents (including PJT or other investment banks or financial advisors) regarding the 2016 Term Loans, including but not limited to Revlon's desire to address the springing maturity of the 2016 Term Loans in 2020.

4) Documents establishing the treatment Citi's August Wire Transfers on Citi's and Revlon's books and records.

5) Documents sufficient to show all policies, procedures, and processes regarding initiation of wire transfers or cancellation requests/requests to return wires at Citi and how and when such transfers are reflected on Citi, Revlon, and Defendants' books and records, including, but not limited to, all documents that reflect processes and procedures Citi has in place to prevent "mistaken" payments or wires.

6) Documents sufficient to show all policies, procedures, and processes regarding Citi's payment of interest and principal on loans, notes, indentures, or other financial instruments where Citi is acting a trustee or agent.

7) Communications between Citi and any current or former 2016 Term Loan lender regarding the return of funds transferred by Citi pursuant to Citi's August Wire Transfers.