UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IN RE CITIBANK AUGUST 11, 2020 WIRE           :           20-CV-6539 (JMF)
TRANSFERS                                                      :
:           <u>SCHEDULING ORDER</u>
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Upon review of the parties' letters and competing proposals, *see* ECF Nos. 41 & 42, the Court concludes that the proper scope of discovery falls somewhere between the two sides' views and that a more realistic, but still expedited, trial date should be adopted.

      With respect to discovery, the Court is inclined to agree with Plaintiffs (1) that discovery can and should be limited to (a) whether the August 11th transfers were a mistake; and (b) the viability of the discharge-for-value defense; and (2) that the number of depositions per party should be limited. In light of that, the Court is inclined to agree that Citibank's *post*-transfer recovery efforts are unlikely to be relevant to the issues in dispute (except insofar as they include communications that are relevant to whether the wire transfers were a mistake). By contrast, however, the Court is not inclined — on the present record, at least — to rule out discovery (1) of documents and communications prior to August 7th and (2) with respect to Citibank's internal policies and procedures regarding wire transfers and preventing mistaken payments (although the Court fails to see how such procedures would be relevant to whether *Defendants* were on constructive notice of a mistake). Beyond offering those general remarks now, the Court will mark the boundaries of discovery, as needed, by resolving concrete disputes between the parties in the course of discovery, which shall be raised in accordance with the procedures in the Court's Individual Rules and Practices and set forth below.

      With respect to the trial date, upon reflection, the Court agrees with Defendants that September 30th is an unreasonable and, in view of the fact that the funds at issue are frozen, unnecessarily rushed date for trial. Nevertheless, in view of the limited scope of discovery and the interest of all parties in resolving rightful claim to the funds at issue, the Court agrees with all parties that an expedited schedule is realistic and appropriate.

      Accordingly, unless and until the Court orders otherwise, the following shall govern the further conduct of pretrial proceedings in this case, the caption of which is hereby changed to "*In re Citibank August 11, 2020 Wire Transfers*":

1. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed no later than **August 28, 2020**.

2. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than

September 1, 2020.

3. Discovery

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b. All fact discovery shall be completed no later than **October 2, 2020**.

    c. If any party believes that expert discovery is necessary, it shall confer with the other party and then file a letter-motion to that effect no later than **September 16, 2020**; any such motion should explain why expert discovery is necessary and propose a schedule for such discovery. Any response to such a letter-motion shall be filed by **September 18, 2020**. Unless a letter-motion is filed and granted, there will be no expert discovery and discovery will end on the deadline for fact discovery.

    d. The parties should not anticipate extensions of the discovery deadlines set forth in the foregoing Paragraphs. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

4. Interim Discovery Deadlines

    a. Initial requests for production of documents, interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York, and requests to admit shall be served by **September 4, 2020**. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    b. Responses to the requests served pursuant to the foregoing Paragraph shall be served by **September 18, 2020**.

    c. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 3(b).

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      d. Any of the deadlines in Paragraphs 4(a) and (b) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 3(b).

5. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at https://nysd.uscourts.gov/hon-jesse-m-furman).

6. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Any letter-motion seeking relief *must* include a representation that the meet-and-confer process occurred and was unsuccessful.  Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.  **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

7. All counsel must meet for at least one hour to discuss settlement within three (3) days following the close of fact discovery.

8. Pre-Trial Submissions

    a. The case will be tried without a jury.

    b. By **October 16, 2020**, the parties shall file a Joint Pretrial Order, including any and all information relevant to the trial referenced in the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) with respect to Joint Pretrial Orders.

    c. By the **same date**, the parties shall each file Proposed Findings of Fact and Conclusions of Law.  As there may be no opportunity for post-trial submissions, the Proposed Findings of Fact should be detailed and should include citations to the proffered trial testimony and exhibits, and the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court.  The parties may not submit motions *in limine* or additional memoranda of law (before or after trial) without obtaining prior leave of Court.

    d. By the **same date**, the parties shall serve, *but not file*, affidavits constituting the direct

    testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing.  **Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony** (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (e.g., as to any evidence offered in connection with the witness's direct testimony).

   e. By the **same date**, the parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

   f. By the **same date**, the parties shall provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.) on either a CD-ROM or a flash drive. If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy.  Each hard copy shall be pre-marked (that is, with an exhibit sticker) and assembled sequentially in a loose leaf binder (not to exceed 2 1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number.  The parties shall also provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted. The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during trial.

   g. **Two business days after submission of the affidavits discussed above**, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits should be brought to trial to be marked as exhibits.

   h. By **October 23, 2020**, the parties shall file any reply memorandum of law to any Proposed Findings of Fact and Conclusions of Law filed with the Joint Pretrial Order.

9. Unless and until the Court orders otherwise, the parties shall appear for a final pretrial conference on **November 5, 2020**, at **10 a.m.**  Trial will be held on **November 9, 2020**, beginning at **9:30 a.m.**  If necessary, it will continue on **November 10, 2020**.

10. In light of Defendants' consent, *see* ECF No. 42, at 2, the temporary restraining orders previously entered in these cases are extended to **November 10, 2020**.

11. Counsel shall confer with respect to whether there are any issues that the Court can and should resolve in advance of trial that would have a material bearing on either the scope of

discovery or the scope of trial. If either party believes that there is, it shall file a letter-motion, not to exceed three pages, explaining the nature of the issue and proposing an expedited briefing schedule. Any letter in response to such a letter-motion shall be filed within one business day and may not exceed three pages.

12. This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

13. Any application to modify or extend the dates herein (except as provided in Paragraph 4(d)) shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

14. No later than **August 27, 2020**, Plaintiff shall serve a copy of this Order electronically on counsel for Defendant Highland Capital Management Fund Advisors LLP ("Highland Capital"), the one Defendant not currently represented by Quinn Emmanuel, and file proof of such service. If Highland Capital has any objection to the terms of this Order, including but not limited to the extension of the temporary restraining order to November 10, 2020, it shall file a letter to that effect no later than **September 1, 2020**. Failure to file such a letter will be deemed consent by Highland Capital to the terms of this Order.

**The Clerk of Court is directed to update the docket to reflect the caption on this Order.**

SO ORDERED.

Dated: August 25, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge