**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7444**

WRITER'S EMAIL ADDRESS
**robertloigman@quinnemanuel.com**

September 16, 2020

<u>VIA ECF</u>

Hon. Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   <u>In re Citibank August 11, 2020 Wire Transfers</u>, No. 1:20-cv-06539-JMF (S.D.N.Y.)

Dear Judge Furman:

We write on behalf of Defendants pursuant to Section 3(c) of the Case Schedule [ECF No. 46] to respectfully request that expert discovery be permitted in this matter. Defendants believe that limited expert testimony (and thus associated expert discovery) will help inform the question of whether Defendants *should* have known that the August 11, 2020 wire transfers were made erroneously, as Citibank contends in this action. To be clear, Defendants do not believe that constructive knowledge is relevant as a matter of law—as only actual notice of putative error at the time of a payment is pertinent. Nevertheless, Citibank has raised this issue in its pleadings and submissions to the Court and has continued to assert that constructive notice is relevant.

We believe that an experienced banking/loan expert can provide valuable input that is probative on this issue. We have conferred with Citibank's counsel to determine if they would join in this request, and they have declined to do so. Notwithstanding its position on constructive notice, Citibank's position is that expert discovery is not "necessary" and that they oppose this request. We indicated that we would not pursue expert discovery if Citibank agreed to stipulate "that the relevant standard is whether Defendants had actual notice of an error when payments were received." Citibank declined to so stipulate.

Although Citibank has not agreed to join in this request, it contends that if expert discovery is permitted, "it should be available to both sides on equal terms." We understand that Citibank should be allowed to rebut the testimony of any expert witness that Defendants are permitted to present, but we do not share Citibank's view that it should be afforded a direct

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

expert of its own, given its apparent unwillingness to affirmatively request expert discovery, as Defendants are now doing.

### A. Proposed Scope of Expert Discovery

Defendants propose engaging an expert witness to assist in the presentation of their case. Defendants anticipate that the expert would provide testimony regarding whether parties in Defendants' positions would have been on constructive notice, at the time the wire transfers at issue in this action were received, that those transfers were the result of a putative banking error.

Defendants' proposed expert[1] has more than 40 years of experience in the corporate loan market.  He was a senior executive in several major financial institutions where he both established and managed global loan businesses.  In particular, he has managed loan syndications and sales.  This expert would opine how lenders in the market and their managers would respond to the receipt of wires such as those at issue in this case, and how surrounding circumstances and events would frame lenders' understanding of payments received.

### B. Expert Discovery Is Appropriate On the Issue of Constructive Notice

It will be plainly established that Defendants were not on actual notice of a putative error upon receipt of the wire transfers in this case.  In this regard, Defendants expect to demonstrate that the only knowledge relevant to the defenses they will be asserting—including the central discharge for value defense—is whether the recipients of funds were on actual notice of error at the time the payments were received.  *See Regatos v. N. Fork Bank*, 5 N.Y.3d 395, 405 (2005) ("Policy arguments support an actual notice requirement. An invariable statutory rule provides a bright line for banks and their customers, bringing reliability and certainty to those dealings. Constructive notice is far less exact, leaving too much room for varying interpretation and disorder.").

Citibank, however, has contended that Defendants are obligated to demonstrate that they should not have known of the bank's error.  *See* ECF No. 41, at 2.  While Defendants do not concur that this is the appropriate legal standard under New York law, the proposed expert could provide probative testimony, based on extensive experience in the markets at issue in this case, regarding what parties in Defendants' position would and would not have reason to know upon receipt of payments by wire transfer.  Courts routinely allow expert testimony concerning industry practices and customs.  *See, e.g.*, *Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*, 988 F. Supp. 2d 395, 403 (S.D.N.Y. 2013) (collecting cases and permitting expert testimony regarding custom and practice, even in case focused on actual knowledge, because such testimony could be helpful and provide relevant circumstantial evidence of knowledge); *see also PFS Distribution Co. v. Raduechel*, 574 F.3d 580, 597 (8th Cir. 2009) (permitting expert testimony regarding Banking Defendants' treatment of certain files and whether files would have

---

[1]  Defendants have not included the name of their proposed expert in view of Citibank's position on expert testimony and the fact that the parties have not exchanged this information.  Of course, Defendants would supply the identity to the Court upon request.

raised "red flags" about potential misconduct); *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 523, 537 (E.D.N.Y. 2012) (permitting expert testimony concerning "banking industry standards and practices").

### C. Proposed Schedule for Expert Discovery

In light of the expedited schedule provided in the Court's Scheduling Order, Defendants propose the following schedule for expert discovery:

- Exchange of opening report:  Monday, October 5, 2020
- Exchange of rebuttal reports: Friday, October 9, 2020
- Completion of expert depositions: Wednesday, October 14, 2020

This schedule would enable the parties, albeit on a very tight timeframe, to complete expert discovery prior to the pre-trial submissions due on Friday, October 16, 2020. Accordingly, if permitted, this discovery would not require any further modification of the current discovery schedule.

Respectfully submitted,

*/s/ Robert S. Loigman*

Robert S. Loigman

cc    Counsel of Record (via ECF)