**FDIC**
Federal Deposit Insurance Corporation
550 17th Street, NW, Washington, DC 20429

Corporate Litigation Unit
Legal Division

September 18, 2020

*By email (Furman_NYSDChambers@nysd.uscourts.gov)*

Hon. Jesse M. Furman
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *In re Citibank August 11, 2020 Wire Transfers*, No. 20 Civ. 06539 (JMF) (S.D.N.Y.)

Dear Judge Furman:

  Pursuant to your Order dated September 15, 2020 (Dkt. 65), non-party Federal Deposit Insurance Corporation ("FDIC") writes to advise the Court that FDIC objects to Citibank's compliance with Defendants' Request for Production 1(i) which seeks "[a]ll Communications with the Federal Reserve, Office of the Comptroller of the Currency (the "OCC"), or any other state or federal regulators regarding the Citibank Wire Transfers, or attempts to seek return of those funds, and Documents provided to these regulators in connection with the foregoing." As a threshold matter, we note that Request 1(i), as worded, seeks substantive supervisory correspondence between the bank and its regulators that is, by nature, protected from disclosure by the bank examination privilege. While ordinary business records, standing alone, typically are not covered, the bank examination privilege is a qualified privilege that extends to communications between banks and their examiners.[1] This unique privilege is intended to encourage open and candid communication—free from public disclosure and market speculation—between federal banking regulators and the financial institutions they supervise.

  In this case, the FDIC has reviewed six email exchanges between Citibank's representatives and FDIC staff that Citibank has identified as responsive to Request 1(i), and the FDIC asserts bank examination privilege as to each of them. We have determined that the emails—which cover the period between August 13 through September 4, 2020—consist of iterative discussions between Citibank and its federal regulators (including FDIC) regarding the wire transfers at issue.[2] In addition, several of the email attachments contain presumably

---

[1] *See In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, at 635-636, *citing Franklin Nat'l Bank*, 478 F. Supp. at 586; *United States v. Provident Nat'l Bank,* 41 F.R.D. 209, 210 (E.D. Pa. 1966); *see also*, *Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 280 (S.D.N.Y. 2013).

[2] *See In re Subpoena*, 967 F.2d at 633 ("Bank safety and soundness supervision is an iterative process of comment by the regulators and response by the bank. The success of the supervision therefore depends vitally upon the quality of communication between the regulated banking firm and the bank regulatory agency.... Because bank supervision is relatively informal and more or

privileged internal memoranda that Citibank provided to its regulators, which remain privileged pursuant to 12 U.S.C. § 1828(x).

Therefore, the FDIC asserts the bank examination privilege with respect to these materials and objects to their production.

Respectfully Submitted,


/s/ Erik Bond
Erik Bond
Counsel, FDIC Legal Division
(571) 214-6647


> The Court received this letter by email. Per the Court's Order of September 15, 2020, see ECF No. 65, Defendants shall file any response by September 21, 2020 (and shall simultaneously serve it electronically on Mr. Bond). Citibank shall not produce any of the materials at issue until the Court orders otherwise. SO ORDERED.
>
> September 18, 2020

---

less continuous, so too must be the flow of communication between the bank and the regulatory agency. Bank management must be open and forthcoming in response to the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged.").