**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In re:*

*Citibank August 11, 2020 Wire Transfers*

Case No. 1:20-cv-06539 (JMF)

**STIPULATION AND [PROPOSED]**
**ORDER GOVERNING THE**
**PRODUCTION AND EXCHANGE OF**
**CONFIDENTIAL AND HIGHLY**
**CONFIDENTIAL INFORMATION**

      **WHEREAS**, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions, producing documents, responding to interrogatories and responding to requests for admission; and

      **WHEREAS**, those discovery proceedings will necessarily involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive commercial, financial, personal or business information;

      **IT IS HEREBY STIPULATED AND AGREED**, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") will govern the use and handling of documents, data, electronically stored information ("ESI"), deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for admission, and responses to requests for documents, and any other information or material produced, given or exchanged in response to a formal discovery request or subpoena, a request made during the taking of a deposition, or any other formal or informal means, including any information contained therein or derived therefrom (all "Discovery Material") by or among any Party or non-party providing Discovery Material (each a "Producing Party") in this Litigation.

1.      All Discovery Material shall be used solely for the purpose of prosecuting or defending this Litigation, including in connection with any appeals taken by either Party, and shall not be disclosed to any person or entity other than in accordance with the terms of this Stipulation and Order.

2.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, personal or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material").  Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Stipulation if such party in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 7 of this Stipulation and Order is substantially likely to cause injury to the Producing Party or would not otherwise be adequately protected under the procedures set forth herein for Confidential Discovery Material ("Highly Confidential Discovery Material").   In the event that a Party believes that any document(s), information, responses to interrogatories, responses to requests for admission, and/or deposition testimony produced by another Party or non-party contains and/or references the Party's own Confidential Discovery Material or Highly Confidential Discovery Material, such Party (the "Designating Party") may request that the Producing Party so designate all copies of the materials. The Designating Party may also designate such information as Confidential Discovery Material or Highly Confidential Discovery Material by letter delivered to all counsel of record that provides the information required by this Stipulation and Order for the particular type of document, information and/or testimony so designated and, where necessary, the Designating Party shall

provide replacement pages, images and/or documents that bear the confidentiality legends required by this Stipulation and Order.

      3.      The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner:

      A.      In the case of documents or other materials (apart from depositions or other pre-trial testimony), including responses to interrogatories and responses to requests for admission: (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD- ROM, floppy disk, DVD), or by written notice.

      B.      In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 5 business days of receipt of the final transcript of such deposition or other pre-trial testimony, listing the specific pages and lines of the transcript that shall be designated as "Confidential" or "Highly Confidential"; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material.  The entire deposition transcript shall be treated as "Highly Confidential" under this Stipulation and Order until the expiration of the above-referenced 5-day period for designation, except that the deponent may review the transcript of his or her own deposition during this 5-day

period.  The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

        C.     In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

        4.     The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Producing Party or the Designating Party, and that there is a good faith basis for such designation.  Counsel of record for the Parties are responsible for employing reasonable measures, consistent with this Stipulation and Order, to control access to and distribution of documents and/or information designated as "Confidential" or "Highly Confidential."

        5.     Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected.  A Producing Party may designate as Confidential or Highly Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential: (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in a manner consistent with Paragraph 3, *supra*.  Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential Discovery Material, and such Discovery Material shall be fully

subject to this Stipulation and Order from the date of such supplemental notice forward.  The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material or Highly Confidential Discovery Material.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" or "Highly Confidential" shall exercise its best efforts: (i) to ensure the return or destruction of such Discovery Material; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Highly Confidential" when originally produced; (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order; (v) to ensure that any person or entity to whom such Discovery Material was disclosed is notified of the supplemental designation of such Discovery Material as "Confidential" or "Highly Confidential"; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 9 of this Stipulation and Order.

6.      Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.      The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation and Order;

B.      Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Order;

C.      Subject to Paragraph 9 of this Stipulation and Order, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.      Witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

E.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

F.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

G.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party or the Designating Party, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7.      Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.      Counsel (including in-house counsel) who represent Parties in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such outside counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Order;

B.      For each Party, one designated person who is a director, officer, employee, general partner, or limited partner of that Party, or any subsidiary or affiliate thereof, who is assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation and Order;

C.      Subject to Paragraph 9 of this Stipulation and Order, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or in the case of meeting minutes, an attendee of the meeting;

E.      Witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

F.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

G.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party or the Designating Party, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

8.      To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order.

9.      Notwithstanding Paragraph 6(C) and 7(B) above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant is using said Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation and Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10.     Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised

that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-party after the date this Stipulation and Order is signed by the Court shall enclose a copy of this Stipulation and Order and notify the non-party that the protections of this Stipulation and Order are available to such non-party.

11.     Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Highly Confidential Discovery Material or Confidential Discovery Material (a "Filing Under Seal") must be filed with the Court under seal in accordance with the provisions set forth by Rule 7 of this Court's Individual Practices in Civil Cases, and any applicable rules of the Local Rules of the United States District Court for the Southern District of New York.

12.     A Party shall not be obliged to challenge the propriety of a Confidential Discovery Material or Highly Confidential Discovery Material designation at the time made, and a failure to do so shall not preclude a later challenge thereto. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this Stipulation and Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly

constitutes Confidential Discovery Material or Highly Confidential Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential or Highly Confidential.

13.     The Parties reserve the right to apply, pursuant to Fed. R. Civ. P. 26(c), upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation and Order.

14.     Entering into this Stipulation and Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

A.     Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

B.     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

C.     Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

D.     Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

E.  Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F.  Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

G.  Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H.  Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

15.  This Stipulation has no effect upon, and shall not apply to, a Producing Party's or Designating Party's use or disclosure of its own Discovery Material for any purpose.  Nothing herein shall: (i) prevent a Producing Party or Designating Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

16.  Pursuant to Rule 502(d) of the Federal Rules of Evidence, if Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity in the Litigation or in any other federal or state proceeding.  The Parties agree to

follow Federal Rule of Civil Procedure 26(b)(5)(B) with respect to any Inadvertent Production Material.

        A.     If a Producing Party has a good faith belief that a privileged document has been inadvertently produced, it shall take reasonable steps to correct the error, including notifying the receiving Party in writing of the Producing Party's claim of privilege and requesting to the receiving Party for its return.

        B.     A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

        C.     Upon a Receiving Party's discovery of the inadvertent production of any Document or Testimony that the Receiving Party knows or reasonably should know is Inadvertent Production Material, or upon request by any Party for the return of Inadvertent Production Material, subject to the provisions in this subsection the receiving Party shall (i) immediately refrain from any further examination or disclosure of the Inadvertent Production Material; (ii) promptly notify counsel for the Producing Party of the inadvertent production of the Inadvertent Production Material (if no request for the return of Inadvertent Production Material has been received); (iii) promptly, but in all instances, no later than 3 business days after receipt of a request for the return of Inadvertent Production Material, return the Inadvertent Production Material to counsel for the Producing Party and destroy all copies thereof (including any summaries and excerpts), and confirm in writing to that fact; (iv) promptly inform any party or person to whom the receiving Party has transmitted the Inadvertent Production Material of the inadvertent disclosure of the

Producing Party's Inadvertent Production Material and retrieve and destroy or return the Inadvertent Production Material in accordance with this subsection; and (v) not use the Inadvertent Production Material for any purpose until further order of the Court.  In all events, such return, destruction, and certification must occur within 3 business days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the Inadvertent Production Material than are sufficient to prosecute its challenge to the assertion of protection.  Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within 5 business days of that Challenge Notice, or otherwise return or destroy the Retained Copies within that period. Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Inadvertent Production Material subject to the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege and shall sequester the challenged materials until the Challenge is resolved. Furthermore, the receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the inadvertent production in any Challenge Notice or challenge to the assertion of privilege filed with the Court.

17.     Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

18.     In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until

the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

19.     The Parties agree to be bound by the terms set forth herein pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

20.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party, written permission of the Designating Party, or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 21.

21.     In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party or Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.  Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

22.     Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall make a good-faith and reasonable effort to or destroy such material and all copies thereof of all

such Confidential Discovery Material or Highly Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party.  However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product containing Confidential Discovery Material or Highly Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

23.    If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party or Designating Party (or Producing Parties or Designating Parties) within 3 business days of receipt of such Demand, identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Stipulation.  The burden of opposing the enforcement of the Demand will fall on the Producing Party or Designating Party.  Nothing herein

shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Stipulation and Order.

24.     No Receiver shall reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation and Order.  In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party or the Designating Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure and demand the return or destruction of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

25.     The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Stipulation and Order.

**[SIGNATURE PAGE IMMEDIATELY FOLLOWS]**

Dated:  September 21, 2020

QUINN EMANUEL URQUHART &amp;             MAYER BROWN LLP
SULLIVAN, LLP

By:   /s/ Adam M. Abensohn                        By:   /s/ Matthew D. Ingber
Michael Carlinsky                                       Matthew D. Ingber
Robert Loigman                                         Christopher J. Houpt
Benjamin Finestone                                    Michael Rayfield
Adam M. Abensohn                                     Luc W. M. Mitchell
Anil Makhijani                                           Anjanique M. Watt
Alexandre Tschumi                                     1221 Avenue of the Americas
Zachary Russell                                        New York, New York 10020
51 Madison Avenue, 22nd Floor                   (212) 506-2500
New York, New York 10010
(212) 849-7000                                         THE LAW OFFICES OF JOHN F. BAUGHMAN,
michaelcarlinsky@quinnemanuel.com           PLLC
robertloigman@quinnemanuel.com
benjaminfinestone@quinnemanuel.com         John F. Baughman
adamabensohn@quinnemanuel.com              Andrew H. Reynard
anilmakhijani@quinnemanuel.com               299 Broadway, Suite 207
zacharyrussell@quinnemanuel.com             New York, New York 10007
alexandretschumi@quinnemanuel.com          (347) 241-6347

Bennett Murphy                                         *Attorneys for Citibank*
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
bennettmurphy@quinnemanuel.com

*Attorneys for Defendants*

**SO ORDERED.**

Dated:  September 22, 2020                    _____

HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

## EXHIBIT A

| | |
|---|---|
| *In re:* | Case No. 1:20-cv-06539 (JMF) |
| *Citibank August 11, 2020 Wire Transfers* | **STIPULATION AND [PROPOSED] ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION** |

I, _____ state that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Stipulation and [Proposed] Order Governing the Production and Exchange of Confidential and Highly Confidential Information (the "Stipulation and Order") entered in the above-entitled action (the "Litigation") on _____.

    5.    I have carefully read and understand the provisions of the Stipulation and Order.

    6.    I will comply with all of the provisions of the Stipulation and Order.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for purposes of this Litigation, any Confidential or Highly Confidential Information that is disclosed to me.

    8.    I will return all Confidential and Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto,

738266569.1

to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Information.

        9.      I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Stipulation and Order in this Litigation.

Dated: _____           _____

738266569.1