**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Case No. 1:20-cv-06539 (JMF) |
| *Citibank August 11, 2020 Wire Transfers* | **STIPULATION AND [PROPOSED] ORDER CONCERNING THE PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS** |

**WHEREAS**, the parties (the "Parties") to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions;

**WHEREAS**, the Parties anticipate that depositions will need to be conducted remotely due to the COVID-19 pandemic;

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Deposition (the "Remote Deposition Protocol")  will govern the protocol for conducting depositions in this Litigation:

1.      Unless otherwise agreed by all Parties, and as applicable, any non-party deponent, all depositions in this Litigation shall be conducted remotely using videoconference technology, and each deposition shall be video-recorded.

2.      In the event that a deponent wishes to have their counsel present in person during the deposition, the deponent shall provide all counsel with notice of this fact and the identity of that counsel who will attend the deposition at least five calendar days before the deposition date. In that event, any other counsel of record is also entitled, but not required, to attend the deposition in person. Any person who is present in the room where the deponent is located shall state his or her appearance for the record and be visible to those participating in the deposition remotely at all

times.  In such an instance, either Party may request to have a camera that shows the entire room where the deposition takes place.

3.     The Party that notices a deposition ("Noticing Party") shall be responsible for engaging a service provider to provide court reporting, videoconference and remote deposition services for all remote depositions (the "Service Provider"), and shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

4.     The Parties agree that an employee of the Service Provider may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

5.     The Noticing Party shall provide the Service Provider with a copy of this Remote Deposition Protocol at least twenty-four hours in advance of the deposition.

6.     The Parties agree that video-recorded remote depositions undertaken pursuant to this stipulation may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taking remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

7.     The parties agree that each deponent in a remote deposition shall be video recorded. Each person attending a remote deposition shall be visible to all  other participants and their statements shall be audible to all participants. The court reporting, video conference and remote deposition service provider (the "Court Reporting Service Provider") shall also capture an audio record of on-record statements made by all individuals who attend the deposition. In addition, all

individuals who attend the deposition should strive to ensure that their environment is free from noise and distractions.

8.      Consistent with Southern District of New York Local Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

9.      During breaks in the deposition, the Parties may use the breakout room feature provided by the Service Provider, if available, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Service Provider before the deposition and controlled by the Service Provider.

10.     Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

11.     The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record.  The Service Provider will simultaneously videotape the deposition and preserve the video recording.  The court reporter may be given a copy of the video recording (of any videotaped deposition) and may review the video recording to improve the accuracy of any written transcript.

12.     The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

13.     At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the employee of the Service Provider responsible for video-recording the deposition shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date and time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation (v) and the identity of all persons present at the remote deposition.

14.     The Parties agree to work collaboratively and in good faith with the Service Provider to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Noticing Party shall also facilitate a test call in advance of the deposition to test the technology and equipment if requested by any Party.

15.     The Parties also agree to work collaboratively to address and troubleshoot technological (including audio or video) issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.  To the extent a deposition needs to be adjourned due to technical problems that cannot be resolved within a reasonable time, the parties shall resume the deposition at the earliest possible date and time.

16.     Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply it prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

17.     The Parties agree that this Remote Deposition Protocol applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Remote Deposition Protocol to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition, but not less than forty-eight hours before the date of the deposition.

18.     The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

(i)     Counsel noticing the deposition may choose to mail or courier physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other Party's counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 11:00 pm local time for the deponent on the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by

electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

(ii)     Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 11:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition.

(iii)    Counsel may introduce exhibits electronically during the deposition, by using the document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.  Before the close of the deposition, the deponent shall delete any documents that were electronically sent from his

computer and electronic mail, and state for the record and on video that the documents have been deleted.

(iv)    Regardless which method of exhibit-sharing is used, the witness and the defending counsel shall have the right to private copies of the exhibits that allow the witness and defending counsel to independently and fully navigate the exhibit while the deposition is on the record.

19.    A remote deposition shall satisfy the parties' obligations to make the deponent available for deposition and the deponent's obligations to appear for a deposition to the same extent as if the deposition had been conducted in person.

20.    The parties may modify these procedures by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual circumstances.

Dated:  September 29, 2020

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

MAYER BROWN LLP

By:   */s/ Adam M. Abensohn*
Michael Carlinsky
Robert Loigman
Benjamin Finestone
Adam M. Abensohn
Anil Makhijani
Alexandre Tschumi
Zachary Russell
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
robertloigman@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
adamabensohn@quinnemanuel.com
anilmakhijani@quinnemanuel.com
zacharyrussell@quinnemanuel.com
alexandretschumi@quinnemanuel.com

By:   */s/ Matthew D. Ingber*
Matthew D. Ingber
Christopher J. Houpt
Michael Rayfield
Luc W. M. Mitchell
Anjanique M. Watt
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

THE LAW OFFICES OF JOHN F. BAUGHMAN,
PLLC

John F. Baughman
Nathaniel Marmon
299 Broadway, Suite 207
New York, New York 10007
(347) 241-6347

*Attorneys for Plaintiff*

Bennett Murphy
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
bennettmurphy@quinnemanuel.com

*Attorneys for Defendants*

**SO ORDERED.**

Dated:  September __, 2020

_____

HON. JESSE M. FURMAN

UNITED STATES DISTRICT JUDGE