# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506-2373
F: +1 212 849-5973
MIngber@mayerbrown.com

September 23, 2020

BY ECF

Hon. Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re:  In re Citibank August 11, 2020 Wire Transfers,
     No. 1:20-cv-06539 (JMF)

Dear Judge Furman:

I write on behalf of plaintiff Citibank, N.A. ("Citibank") in response to the Court's August 22, 2020, order directing "Citibank [to] file on ECF - under seal and with viewing restricted to the Court only (ex parte) - the documents with respect to which the regulators have invoked privilege so that the Court may review them in camera." Dkt. 84. These documents are attached.

The documents with respect to which the regulators have invoked privilege comprise 35 emails and attachments sent to the FDIC, the OCC, and the FRBNY; exhibits 1 through 11 are communications with the FDIC, exhibits 12 through 23 are communications with the FRBNY, and exhibits 24 through 35 are communications with the OCC.[1] Accounting for the fact that Citibank sent these regulators many of the same documents, the 35 emails and attachments represent approximately 13 unique documents.

Two points are relevant for this Court's consideration. First, while the reason that request 1(i) is categorically improper is that all responsive documents are subject to privileges that belong to regulators, at least some individual documents are also protected by attorney-client privilege and the work-product doctrine. Those communications were prepared by and at the direction of counsel, and include contemporaneous language attesting to their protected status. Those protections, which belong to Citibank, are, by statute, not waived by disclosure to regulatory agencies. *See* 12 U.S.C. § 1828(x). We also note that, while Citibank is providing these documents to the Court in full, portions of certain documents do not relate to the August 11 wire transfers.

---

[1] Several emails were sent to all three regulators. As each regulator claimed privilege separately, such emails are reproduced once per regulator. In addition, the FRBNY and OCC have identified two further emails, also attached here, over which they claim privilege pursuant to their September 18 letters to the court (Dkts. 75 & 76); substantively identical versions were sent to the FDIC, and referenced in its own letter to the Court (Dkt. 73).

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Jesse M. Furman
September 23, 2020
Page 2

And while facts are not privileged (and, for that reason, can be obtained through other routes in discovery), "[d]ocuments that contain factual material that cannot practically be segregated and released fall within the [bank examination] privilege's ambit." *FHFA v. HSBC N. Am. Holdings, Inc.*, No. 11-cv-6189, 2014 WL 1909446, at *3 (S.D.N.Y. May 13, 2014); *see also In re Subpoena Served Upon Comptroller of Currency, & Sec'y of Bd. of Governors of Fed. Reserve Sys.*, 967 F.2d 630, 634 (D.C. Cir. 1992) ("Because bank supervision is relatively informal and more or less continuous, so too must be the flow of communication between the bank and the regulatory agency. Bank management must be open and forthcoming in response to the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged.").

Second, although the regulators collectively claimed privilege over 35 documents, only those 18 that predate August 18 are (regardless of privilege) responsive to defendants' request for production 1(i). As Citibank told the defendants in its responses and objections to the defendants' requests, "[u]nless otherwise indicated, Citibank will produce responsive documents for [the period July 28, 2020 through August 17, 2020, inclusive]." Dkt. 63 at 6 (brackets in original). The defendants have not disputed the relevant timeframe. *See generally*, Dkt. 63. As a result, the communications between Citibank and regulators from August 18 to September 4 are non-responsive to the defendants' request.

                                          Respectfully submitted,

                                          */s/ Matthew D. Ingber*
                                          Matthew D. Ingber