**MAYER | BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506-2373
F: +1 212 849-5973
MIngber@mayerbrown.com

October 1, 2020

BY ECF

Hon. Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re:   In re Citibank August 11, 2020 Wire Transfers,
      No. 1:20-cv-06539 (JMF)

Dear Judge Furman:

I write on behalf of plaintiff Citibank, N.A. ("Citibank") in connection with the September 29 hearing, at which the Court preliminarily found that Citibank had not waived attorney-client privilege or work product protection when addressing the bank examination privilege of regulatory agencies. Defendants did not argue for waiver in their prior letter to the Court and were given an opportunity to address the issue today. We submit this letter in further support of the Court's preliminary finding that no waiver was either intended or made.

Privilege is waived only "by making 'a deliberate decision to disclose privileged materials in a forum where disclosure was voluntary and calculated to benefit the disclosing party.'" *Nat'l Immigration Project of the Nat. Lawyers Guild v. DHS*, 842 F. Supp. 2d 720, 728 (S.D.N.Y. 2012) (quoting *In re Grand Jury Proceedings*, 219 F.3d 175, 184 (2d Cir.2000)). Accordingly, courts have found that "convoluted theory of 'gotcha' waiver is neither clear nor persuasive." *Mayorga v. Washington*, No. C17-0934RSL, 2018 WL 1792195, at *2 (W.D. Wash. Apr. 16, 2018). "Given the importance of the attorney-client privilege," courts will "decline[] to infer a waiver of privilege merely from . . . ambiguous statements." *Potts v. S-Box LLC*, No. 3:09-CV-35 AWT, 2010 WL 4683884, at *2 (D. Conn. Nov. 10, 2010). The guiding principle, after all, is "overall fairness." *In re Grand Jury Proceedings*, 219 F.3d at 183; *see also* Fed. R. Civ. P. 1.

The motion that was before the court was Defendants' September 7 motion to compel documents turned over to the regulators, which Citi had declined to produce on the grounds they constituted as confidential supervisory information protected under the bank examination privilege. In Citibank's September 10 opposition to Defendants' motion, Citibank intended the reference to "any applicable privilege" to mean any of the *regulatory* privileges that Defendants had actually moved on, not any conceivable privilege that might apply to an individual document. Citibank had previously asserted those other privileges in its written objections to Defendants' first

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Jesse M. Furman
October 1, 2020
Page 2

request for the production of documents, in both its general objection No. 4 and its specific response to request No. 1, to the extent that they might turn out to apply to particular documents. As Defendants had moved on only one of Citibank's objections to request No. 1—the regulatory protection that applied, by definition, to every document that is responsive to request 1(i)—that was the only issue that Citibank addressed in its letter response (Dkt. 64). There would have been no conceivable tactical reason, as suggested by Defendants, that Citibank would have wanted to assert only regulatory protections that belong to regulators while waiving unqualified privileges that belong to Citibank itself. As 12 U.S.C. § 1828(x) makes clear, those protections are not mutually exclusive.  *See also Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-7126, 2016 WL 6779901, at *4 (S.D.N.Y. Nov. 16, 2016) (Furman, J.). Far from intentionally waiving attorney-client and work product protections, Citibank has repeatedly asserted them.

                Respectfully submitted,

                */s/ Matthew D. Ingber*
                Matthew D. Ingber