UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
IN RE CITIBANK AUGUST 11, 2020 WIRE    :  20-CV-6539 (JMF)
TRANSFERS                              :
:            ORDER
:
---------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     On October 2, 2020, the Court ordered Plaintiff to file a privilege log identifying which of the documents already submitted for *in camera* review are subject to attorney-client or work product protection. *See* ECF No. 98. On October 4, 2020, Plaintiff filed the privilege log, but did so under seal and on an *ex parte* basis, referencing the Court's October 2, 2020 Order. *See* ECF No. 100. (Plaintiff also publicly filed a cover letter. *See* ECF No. 99.)

     There are at least three problems with this. First, despite Plaintiff's suggestion to the contrary, the Court's October 2, 2020 Order did *not* authorize Plaintiff to file the privilege log under seal; nor did Plaintiff, in the parties' joint letter that prompted the Court's October 2, 2020 Order, even request leave to file the privilege log under seal. *See* ECF No. 97. Second, filing the privilege log under seal and *ex parte* defeats the point of the log — which is to provide Defendants with notice of what documents are claimed to be privileged (and the basis for that claim) so that they may challenge the claims as appropriate. And third, it is Plaintiff's burden to show that filing a document under seal is consistent with the presumption in favor of public access to judicial documents (and to do so in accordance with the Court's Individual Rules and Practices). Plaintiff did not even attempt to do so.

     Plaintiff shall publicly refile the privilege log by **TOMORROW** at **10 a.m.** Defendants are granted until **October 7, 2020**, at **noon** to file any response to the claims of privilege.

     Finally, the Court notes that this is not Plaintiff's first time violating the well-established procedures and standards governing the public filing of judicial documents. (The letter appearing at ECF 90 was originally filed under seal and *ex parte*, *see* ECF No. 87, even though Plaintiff had not sought, let alone obtained, leave to do so.) Future violations of those procedures and standards may result in sanctions.

SO ORDERED.

Dated: October 5, 2020
      New York, New York

                                                   JESSE M. FURMAN
                                              United States District Judge