UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IN RE CITIBANK AUGUST 11, 2020 WIRE        :        20-CV-6539 (JMF)
TRANSFERS                                  :
                                           :        ORDER
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Following a review of the Regulator Documents *in camera*, the Court agrees with Plaintiff that ECF Nos. 87-3, 87-4, and 87-6 are protected by either or both the attorney-client privilege or the work product doctrine and need not be produced on that basis. The fact that Plaintiff shared these documents with the regulators does not vitiate the privilege. *See* 12 U.S.C. § 1828(x). By contrast, the Court concludes that (1) ECF Nos. 87-1, 87-12, and 87-24, which are substantially similar to one another; and (2) ECF Nos. 87-2, 87-13, and 87-25, which are substantially similar to one another, are *not* protected by either the attorney-client privilege or the work product doctrine as all are documents that were prepared for, and sent to, the regulators. Section 1828(x) provides that sharing an *otherwise*-privileged document with the regulators does not "waiv[e], destroy[], or otherwise affect[]" the privilege, but Plaintiff does not cite, and the Court has not found, any authority for the proposition that a document prepared for, and sent to, the regulators — i.e., third parties — can itself be withheld on the basis of the attorney-client privilege or the work product doctrine.[1]

      In light of the foregoing and the regulators' invocations of their own privilege, and mindful that the bank examination privilege does not protect "factual" material, *see, e.g.*, *Wultz*

---

[1] ECF Nos. 87-7 through -11, 87-18 through -23, and 87-30 through -35 all post-date August 17, 2020, which Defendants conceded "would not be responsive because of the parties' agreement [on the date range]." ECF No. 103, at 31-32. Accordingly, the Court has not reviewed any claim of privilege with respect to these documents.

*v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 287-88 (S.D.N.Y. 2013), the Court orders as follows: Plaintiff shall confer with the regulators and, no later than **October 15, 2020**, produce to Defendants "all factual portions" of ECF Nos. 87-1, 87-2, 87-12, 87-13, 87-24, and 87-25 (as well as ECF Nos. 87-5, 87-16, and 87-28, over which it asserts no independent privilege), "where 'factual' has its ordinary meaning," *Wultz*, 61 F. Supp. 3d at 288, unless the relevant portion is independently protected as Confidential Supervisory Information.  If, after such production, Defendants have any remaining objections (that is, either to the redactions or to documents withheld in full), they shall confer with Plaintiffs (and, if appropriate, the regulators) and file a joint letter proposing a means to resolve any remaining disputes by **October 20, 2020**. In the absence of such a letter (or other communication), the Court will assume that this matter has been resolved without the need for further Court intervention.

If any party or the regulators disagree with proceeding in accordance with the foregoing, they shall confer and promptly seek appropriate relief.  No later than **October 9, 2020**, at **5 p.m.**, Plaintiff is directed to serve this Order by email on counsel for each of the three regulators that has asserted privileges over the Regulator Documents.

SO ORDERED.

Dated: October 9, 2020
      New York, New York                           JESSE M. FURMAN
                                              United States District Judge