# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In re:*

*Citibank August 11, 2020 Wire Transfers*

Case No. 1:20-cv-06539 (JMF)

---

### RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO CITIBANK, N.A.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York (the "Applicable Rules"), Plaintiff Citibank N.A. ("Citibank"), by its attorneys, hereby provides the following responses and objections to Defendants' First Set of Interrogatories, dated September 3, 2020 (the "Interrogatories"). Citibank reserves the right to amend or supplement these responses and objections to the extent allowed by the Applicable Rules.

### GENERAL OBJECTIONS

1.      Citibank objects to the Interrogatories, the Definitions ("Definitions"), and the Instructions ("Instructions") contained therein, to the extent that they purport to impose requirements greater than or different from those set forth in the Federal Rules, the Local Rules, and any other applicable rules, laws, and statutes. Additionally, Citibank objects to the Interrogatories to the extent they request information outside of the scope of Judge Furman's Scheduling Order dated August 25, 2020, ECF No. 46 ("Judge Furman's Scheduling Order") and Judge Furman's Order dated September 15, 2020 (ECF No. 62). Specifically, as Judge Furman's Scheduling Order states "discovery can and should be limited to (a) whether the August 11th transfers were a mistake; and (b) the viability of the discharge-for-value defense."

2.     Citibank's response to any Interrogatory is not an admission or acknowledgment that such Interrogatory calls for information that is relevant to the subject matter of this action, and it is without prejudice to Citibank's right to contend at trial or in any other subsequent proceeding in this action that such response is inadmissible, irrelevant, and/or not the proper basis for discovery.

3.     Citibank objects to the definition of "Citibank Wire Transfers" as "any payments or money transferred by Citibank to any 2016 Term Loan Lender in August of 2020." This definition is overly broad and, as such, demands answers that Judge Furman's Scheduling Order has already determined are not relevant. Judge Furman's Schedule Order states that discovery should be limited to "whether the *August 11th transfers* were a mistake." (emphasis added). Unless otherwise stated, Citibank will produce documents related to the August 11th wire transfer to the 2016 Term Loan Lenders (the "August 11 Transfer")

4.     Citibank objects to each Interrogatory, Instruction, and Definition to the extent that they purport to interpret, characterize, or otherwise contain any inaccurate, incomplete, or misleading descriptions of facts, persons, or events underlying this action. The disclosure of information in response to the Interrogatories shall not constitute Citibank's agreement with, or acquiescence to, any such description.

5.     Citibank objects to the Interrogatories to the extent that they call for the disclosure of privileged information or communications, including, without limitation, information that was prepared, generated, or received for or in anticipation of litigation, information that constitutes attorney work product, or any other applicable privilege (including the common interest privilege), rule of privacy or confidentiality, immunity, protection, or restriction that makes such information non-discoverable. To the extent that any privileged information is provided inadvertently, Citibank

reserves: (i) its privileges with respect to such information; (ii) its right to object to the use of such information; and (iii) the right to object to the admissibility of such information.

6.       Citibank objects to each of the Interrogatories to the extent that it calls for information in the possession, custody, or control of persons other than Citibank. Citibank will only produce information in its possession, custody, or control.

7.       Citibank objects to the Interrogatories to the extent that they call for the disclosure or production of material that constitutes proprietary information, trade secrets or other confidential, research, development, or commercially sensitive information of Citibank, as well as other non-public and/or confidential information. In the event that Citibank is required to disclose or produce such material, it will agree to do so only pursuant to the parties' Joint Stipulation and Confidentiality and Protective Order to be entered in this litigation.

8.       Citibank objects to each of the Interrogatories to the extent that they are cumulative or duplicative of one another or any other discovery request served in this action.

9.       Citibank objects to each of the Interrogatories to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, not susceptible to a reasoned interpretation, not reasonably particular, calls for speculation, or does not otherwise comply with the Federal Rules, the Local Rules, and/or any other applicable statutes or rules.

10.      Citibank objects to the time period set forth in Interrogatory Nos. 6 and 8, which requests information "since April 15, 2020" as overbroad and as such, demanding responses to irrelevant information. Subject to the General Objections and Citibank's Responses and Objections to each Interrogatory, and pursuant to the Court's September 15, 2020 Order, Citibank will provide information from July 1, 2020 through August 17, 2020, inclusive. It is incongruous for Defendants to ask for information from outside the timeframe that the Court has set in its Orders.

11.     Citibank objects to each of the Interrogatories to the extent it calls for the disclosure of information in the public domain, already in Defendants' possession, custody, or control, or equally available to Defendants.

12.     Citibank objects to each of the Interrogatories to the extent that it seeks information that cannot be practicably ascertained or obtained by Citibank.

13.     Citibank reserves the right to rely, at the time of trial or in other proceedings in this action, upon evidence in addition to that provided in response to the Interrogatories regardless of whether, inter alia, any evidence is newly discovered or is currently in existence. To the best of Citibank's knowledge, the responses contained herein are true and correct at this particular time, but are subject to correction and modification as new facts are discovered. To the extent Citibank does discover additional information that would make any of the responses herein incorrect, Citibank will supplement or amend those responses pursuant to Federal Rule 26(e).

14.     Citibank objects to each of the Interrogatories as overly broad and unduly burdensome to the extent that it seeks the identification of "any" persons, "all" documents, or similar language.

15.     Citibank further objects to the Definitions contained in the Interrogatories to the extent they are overly broad, unduly burdensome, and/or are inconsistent with Local Rule 26.3(c).

16.     Citibank objects to the Interrogatories to the extent they fail to comply with the restrictions imposed by Local Rule 33.3.

17.     An objection to an Interrogatory shall not be construed to indicate that information responsive to that Interrogatory actually exists. Similarly, an undertaking to respond to an Interrogatory shall not be construed to indicate that any such information exists.

18.     All objections to the relevance or admissibility of any information provided in these responses are expressly reserved by Citibank.

19.     Nothing contained in any response herein shall be deemed to be an admission, concession, or waiver by Citibank as to the validity of any claim or defense asserted by any party in this proceeding.

20.     The foregoing General Objections shall be considered as made, to the extent applicable, in response to each of the Interrogatories, as if the General Objections were fully set forth in each such response, even if such response sets forth specific objections.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons who were involved in, or with knowledge of, the Citibank Wire Transfers or requests to return the Citibank Wire Transfers.

**RESPONSE NO. 1:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that it is overly broad and, as such, not relevant to the extent it calls for information related to Citibank's post-transfer recovery efforts. As stated in Judge Furman's Scheduling Order, "the Court is inclined to agree that Citibank's post-transfer recovery efforts are unlikely to be relevant to the issues in dispute (except insofar as they include communications that are relevant to whether the wire transfers were a mistake)." Citibank also objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals with the most knowledge regarding the August 11 Transfers:

Vincent Farrell

Vincent Fratta

Dorothy Lee-Murray

Dureyea Garnett

Joshua Kaufmann

Santhosh Kuppusamy Ravi (employed by WIPRO)

Arokia Raj (employed by WIPRO)

**INTERROGATORY NO. 2:**

Identify all Persons who executed the Citibank Wire Transfers or gave direction to execute the Citibank Wire Transfers.

**RESPONSE NO. 2:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals who executed the August 11 Transfers:

Vincent Fratta

Dorothy Lee-Murray

Santhosh Kuppusamy Ravi (employed by WIPRO)

Arokia Raj (employed by WIPRO)

## INTERROGATORY NO. 3:

Identify all Persons who determined that the Citibank Wire Transfers were a mistake either through "cash reconciliation" or otherwise.

### RESPONSE NO. 3:

In addition to Citibank's General Objections, Citibank objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)).

Vincent Fratta

Arokia Raj (employed by WIPRO)

## INTERROGATORY NO. 4:

Identify all Persons who prepared or sent notices to any Person or entities who received the Citibank Wire Transfers stating that the transfers were a mistake or were made in error.

**RESPONSE NO. 4:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory to the extent that it seeks the disclosure of privileged information or other proprietary or confidential information protected from disclosure by applicable law. Citibank further objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals who prepared or sent written notices of the August 11 Transfers stating that the transfers were a mistake or were made in error:

Nikhil Sonawala

Sachin Dalvi

Balamurugan Rajendran (employed by Wipro)

Swaroop Ramakrishna (employed by Wipro)

**INTERROGATORY NO. 5:**

Identify all Persons who were involved in the seeking the [sic] return of funds transferred pursuant to the Citibank Wire Transfers.

**RESPONSE NO. 5:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that it is overly broad and, as such, not relevant to the extent it calls for information related to Citibank's post-transfer recovery efforts. As stated in Judge Furman's Scheduling

Order, "the Court is inclined to agree that Citibank's post-transfer recovery efforts are unlikely to be relevant to the issues in dispute (except insofar as they include communications that are relevant to whether the wire transfers were a mistake)." Citibank also objects to this Interrogatory to the extent that it seeks the disclosure of privileged information or other proprietary or confidential information protected from disclosure by applicable law. Citibank further objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

**INTERROGATORY NO. 6:**

Identify all Persons at Citibank who have communicated with anyone at Revlon or MacAndrew & Forbes since April 15, 2020.

**RESPONSE NO. 6:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that it is overly broad and, as such, not relevant to the extent it calls for information not related to the subject matter of this case or outside of the temporal scope of the case as stated by Judge Furman. Citibank further objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

**INTERROGATORY NO. 7:**

Identify all Persons at Citibank who communicated with anyone at Revlon concerning the Citibank Wire Transfers, including with respect to any related loan repurchases, interest payments, or the provision of notices to lenders requesting the return of the funds.

**RESPONSE NO. 7:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that it is overly broad and, as such, not relevant to the extent it calls for information related to Citibank's post-transfer recovery efforts. As stated in Judge Furman's Scheduling Order, "the Court is inclined to agree that Citibank's post-transfer recovery efforts are unlikely to be relevant to the issues in dispute (except insofar as they include communications that are relevant to whether the wire transfers were a mistake)." Citibank further objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank states that there were no direct communications with Revlon on or leading up to August 11, 2020 regarding the August 11 Transfer.

**INTERROGATORY NO. 8:**

Identify all Persons at Citibank who have calculated amounts owed to or determined amounts payable to lenders under the 2016 Credit Agreement since April 15, 2020.

**RESPONSE NO. 8:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that it is overly broad and, as such, not relevant to the extent it calls for information not related to the subject matter of this case or outside of the temporal scope of the case as stated by Judge Furman. Citibank further objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that

it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals regarding the August 11 Transfers:

Vincent Fratta

Arokia Raj (employed by Wipro)

**INTERROGATORY NO. 9:**

Identify all Persons at Citibank who have communicated with the Federal Reserve, Office of the Comptroller of the Currency (the "OCC"), or any other state or federal regulators regarding the Citibank Wire Transfers.

**RESPONSE NO. 9:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that it does not seek discoverable information.  Citibank also objects to this Interrogatory on the basis of the objections filed by state and federal regulators, and the Court's order that "Citibank shall not produce any of the materials at issue until the Court orders otherwise."  ECF 73 & 75.

**INTERROGATORY NO. 10:**

Identify all Persons who were involved in, or with knowledge of negotiations of any amendments to the 2016 Credit Agreement, efforts to replace Citibank as administrative agent under the 2016 Credit Agreement, or the resignation or potential resignation of Citibank as an agent under 2016 Credit Agreement.

**RESPONSE NO. 10:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that it is overly broad, calls for information outside of the scope of permissible discovery in this case, and, as such, not relevant to the extent it calls for information not related to the subject matter of this case as stated by Judge Furman.

**INTERROGATORY NO. 11:**

Identify all Persons who were involved in, or with knowledge of the treatment of, the Citibank Wire Transfers on Your and Revlon's books and records.

**RESPONSE NO. 11:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that facts relevant to this matter will be revealed throughout the course of fact discovery and document production. Citibank objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank also objects to this Interrogatory to the extent it calls for information outside of Citibank's possession, custody, or control in that it asks for information about Revlon's books and records.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals with knowledge of the treatment of the August 11 Transfers on Citibank's books and records:

Dorothy Lee Murray

Dureyea Garnett

**INTERROGATORY NO. 12:**

Identify all Documents containing and Persons with knowledge of policies, procedures, and processes regarding Citibank's payment of interest and principal on loans, notes, indentures, or other financial instruments where Citibank is acting a trustee or agent.

**RESPONSE NO. 12:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that facts relevant to this matter will be revealed throughout the course of fact discovery and document production. Citibank also objects to this Interrogatory on the ground that it is overly broad and, as such, not relevant to the extent it calls for information not related to the subject matter of this case as stated by Judge Furman. Citibank also objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, the response to this Interrogatory may be ascertained through a review of relevant documents with proportionate burden on either party, as permitted under Fed. R. Civ. P. 33(d). Accordingly, relevant documents responsive to this Interrogatory will be produced in due course.

**INTERROGATORY NO. 13:**

Identify all Documents containing and Persons with knowledge of policies, procedures, and processes regarding initiation of wire transfers or cancellation requests/requests to return

wires at Citibank and how and when such transfers are reflected on Citibank's books and records.

**RESPONSE NO. 13:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that facts relevant to this matter will be revealed throughout the course of fact discovery and document production. Citibank also objects to this Interrogatory on the ground that it is overly broad and, as such, not relevant to the extent it calls for information not related to the subject matter of this case as stated by Judge Furman. Citibank also objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, the response to this Interrogatory may be ascertained through a review of relevant documents with proportionate burden on either party, as permitted under Fed. R. Civ. P. 33(d). Accordingly, relevant documents responsive to this Interrogatory will be produced in due course.

**INTERROGATORY NO. 14:**

Identify all Documents, Communications, and Persons with knowledge, supporting your contentions in paragraphs 2 and 15 of the First Complaint that "Citibank's transfer was intended to pass through an interest payment from Revlon" and that "On August 11, 2020, several months of accrued interest came due under the Credit Agreement."

**RESPONSE NO. 14:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that facts relevant to this matter will be revealed throughout the course of fact discovery

and document production. Citibank also objects to this Interrogatory to the extent it is overbroad and would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)).

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals with the most knowledge regarding this issue on or before August 11, 2020:

Vincent Fratta

Dorothy Lee-Murray

Dureyea Garnett

Joshua Kaufmann

Phillip Fletcher

Santhosh Kuppusamy Ravi (employed by WIPRO)

Arokia Raj (employed by WIPRO)

**INTERROGATORY NO. 15:**

Identify all Documents, Communications, and Persons with knowledge, supporting the Declaration of Brendan Zeigon stating that "Before Citibank made the payment to lenders, Revlon had remitted funds to Citibank in an amount equal to the interest that was payable on August 11."

**RESPONSE NO. 15:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that facts relevant to this matter will be revealed throughout the course of fact discovery and document production. Citibank also objects to this Interrogatory to the extent it is overbroad and would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)). Citibank also object to this Interrogatory on the ground that it violates Local Rule 33.3(c) because it is a premature contention Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, the response to this Interrogatory may be ascertained through a review of relevant

documents with proportionate burden on either party, as permitted under Fed. R. Civ. P. 33(d). Accordingly, relevant documents responsive to this Interrogatory will be produced in due course. Additionally, Citibank identifies the following individuals responsive to this Interrogatory who have the most knowledge regarding this issue on or before August 11, 2020:

      Joshua Kaufmann

      Vincent Fratta

      Dorothy Lee Murray

      Dureyea Garnett

      Santhosh Kuppusamy Ravi (employed by WIPRO)

      Arokia Raj (employed by WIPRO)

**INTERROGATORY NO. 16:**

Identify all Documents, Communications, and Persons with knowledge, supporting the contention in Mr. Ingber's letter to the Court on August 24, 2020 stating that Revlon exercised its "repurchase rights" and that Revlon remitted interest to Citibank to cover "interim interest amounts" as a result of the exercise of repurchase rights.

**RESPONSE NO. 16:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that facts relevant to this matter will be revealed throughout the course of fact discovery and document production. Citibank also objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more

practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)). Citibank also object to this Interrogatory on the ground that it violates Local Rule 33.3(c) because it is a premature contention Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank refers Defendants to Citibank's Responses to Interrogatory Nos. 14 and 15 herein.

**INTERROGATORY NO. 17:**

Identify all Documents, Communications, and Persons with knowledge, supporting the contention in Mr. Ingber's letter to the Court on August 24, 2020 that "the individual who processed the payment mistakenly did not manually select the correct system options," including the identity of the individual and a description of the system options selected by the individual.

**RESPONSE NO. 17:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory on the ground that facts relevant to this matter will be revealed throughout the course of fact discovery and document production. Citibank also objects to this Interrogatory to the extent it is overbroad and would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery.

Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)). Citibank also object to this Interrogatory on the ground that it violates Local Rule 33.3(c) because it is a premature contention Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals with the most knowledge regarding this issue:

Vincent Fratta

Santhosh Kuppusamy Ravi (employed by WIPRO)

Arokia Raj (employed by WIPRO)

**INTERROGATORY NO. 18:**

Identify all Documents, Communications, and Persons with knowledge, supporting the contention in Mr. Ingber's letter to the Court on August 24, 2020 that "manual checks of that selection also failed to detect the mistake."

**RESPONSE NO. 18:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory to the extent it is overbroad and would impose an undue burden on Citibank to compile this

information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)). Citibank also object to this Interrogatory on the ground that it violates Local Rule 33.3(c) because it is a premature contention Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals with the most knowledge regarding this issue:

Vincent Fratta

Santhosh Kuppusamy Ravi (employed by WIPRO)

Arokia Raj (employed by WIPRO)

**INTERROGATORY NO. 19:**

Identify all Documents, Communications, and Persons with knowledge, supporting the contention in Mr. Ingber's letter to the Court on August 24, 2020 that those who returned the money "recognized [that the money] rightfully belonged to Citibank."

**RESPONSE NO. 19:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory to the extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)). Citibank also object to this Interrogatory on the ground that it violates Local Rule 33.3(c) because it is a premature contention Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, there is no disclosure necessary here, as the "recogni[tion] [that the money] rightfully belonged to Citibank" was a reasonable legal inference drawn from the fact that the transfers exceeded the proper and intended amounts.

**INTERROGATORY NO. 20:**

Identify all Persons with knowledge of the contention in Mr. Ingber's letter to the Court on August 24, 2020 that certain lenders under the 2016 Credit Agreement were "to have all or a portion of their pro rata share of the 2016 loan be repurchased by Revlon," including identification

of Documents and Communications reflecting a direction to execute such repurchases or payment of interest in connection with such repurchases.

**RESPONSE NO. 20:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory to the extent it is overbroad and would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)). Citibank also object to this Interrogatory on the ground that it violates Local Rule 33.3(c) because it is a premature contention Interrogatory.

**INTERROGATORY NO. 21:**

Identify all Documents, Communications, and Persons with knowledge, relating to your allegation in Paragraph 29 of the Third Complaint that "These overpayments were made with Citibank's own money. It is not the case that Citibank was transmitting Revlon's funds to the Term Lenders. Revlon did not provide such funds. The mistakenly distributed money belonged entirely to Citibank."

**RESPONSE NO. 21:**

In addition to Citibank's General Objections, Citibank objects to this Interrogatory to the

extent it would impose an undue burden on Citibank to compile this information, to the extent it exists, or to the extent that it requires Citibank to create documents summarizing information otherwise already provided or that will be provided to Defendants in the course of fact discovery. Citibank further objects to this Interrogatory on the ground that it purports to seek information through Interrogatories that is beyond the scope of Local Rule 33.3 and, for which, there are more practical methods of obtaining the information, such as requests for production. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (stating that Interrogatories must be limited to certain topics and "Interrogatories that go beyond these topics may only be served [] if they are a more practical method of obtaining the information sought than a request for production or a deposition.") (citing S.D.N.Y. Local Rule 33.3(b)). Citibank also object to this Interrogatory on the ground that it violates Local Rule 33.3(c) because it is a premature contention Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, and without waiving Citibank's right to amend or supplement its answers either during or after discovery in this action, Citibank identifies the following individuals who first became aware of and have the most knowledge as to the overpayments consisting of Citibank's own money:

Vincent Farrell

Vincent Fratta

Joshua Kaufmann

Dorothy Lee Murray

Dureyea Garnett

Santhosh Kuppusamy Ravi (employed by WIPRO)

Arokia Raj (employed by WIPRO)

Dated: New York, New York
       September 18, 2020

By: /s/ *Matthew D. Ingber*
   Matthew D. Ingber
   Christopher J. Houpt
   Allison J. Zolot
   Anjanique M. Watt
   Alina Artunian
   Luc W. M. Mitchell
   MAYER BROWN LLP
   1221 Avenue of the Americas
   New York, New York 10020
   Telephone: (212) 506-2500
   Fax: (212) 262-1910

   mingber@mayerbrown.com
   choupt@mayerbrown.com
   azolot@mayerbrown.com
   awatt@mayerbrown.com
   aartunian@mayerbrown.com
   lmitchell@mayerbrown.com

   *Attorneys for Plaintiff Citibank, N.A. as to*
   *defendant Brigade Capital Management*
   *LP only*

   John F. Baughman
   Nathaniel E. Marmon
   Andrew H. Reynard
   Andrew Hunter Reynard
   THE LAW OFFICES OF JOHN F.
   BAUGHMAN, PLLC
   299 Broadway, Suite 207
   New York, New York 10007
   Telephone: (347) 241-6347
   jbaughman@jfblegal.com
   nmarmon@jfblegal.com
   areynard@jfblegal.com

   *Attorneys for Plaintiff Citibank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2020, I served a true and correct copy of the

foregoing document, titled " Responses and Objections to Defendants' First Request For The

Production of Documents Directed To Citibank, N.A.," by e-mail, on Defendant's counsel of

record, at:

Michael Carlinsky
Robert Loigman
Benjamin Finestone
Adam M. Abensohn
Zachary Russell
Anil Makhijani
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Bennett Murphy
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
*Attorneys for Defendants*

/s/ *Luc W. M. Mitchell*
Luc W. M. Mitchell
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Fax: (212) 262-1910