UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>*Citibank August 11, 2020 Wire Transfers* | Case No. 1:20-cv-06539 (JMF)<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY** |

**WHEREAS**, the parties (the "Parties") to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, expert discovery;

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and [Proposed] Order Concerning Expert Discovery (the "Expert Discovery Stipulation") will govern the protocol for conducting expert discovery in this Litigation:

1. With respect to all witnesses any party expects to call as an expert witness at the trial (a "Testifying Expert"), the party shall, at the times agreed upon in the applicable order concerning the schedule for expert discovery, exchange final expert reports and rebuttal reports, and shall produce the Experts for deposition at mutually convenient dates, times and locations, within the time period permitted by the Court's order. No subpoena for deposition or documents need be served on any Testifying Expert.

2. If and only if either party retains a rebuttal expert who did not provide an opening expert report, the opposing party may file a reply report within the time period permitted by the Court's Order. The scope of a party's rebuttal report shall be limited to rebutting positions taken in the opposing party's opening report. Similarly, the scope of a party's reply report shall be limited to rebutting positions taken in the opposing party's rebuttal report. The party producing

1

the rebuttal expert shall also produce the expert for deposition in accord with the requirements identified in Paragraph 1.

    3.    At a minimum, each expert report should include:

        (a)    A complete statement of all opinions to be expressed by the Testifying Expert and the basis and reasons therefor;

        (b)    A list of the documents, data, and other information, upon which the Testifying Expert intends to rely in testifying in this matter;

        (c)    A complete statement of the qualifications of the Testifying Expert;

        (d)    A listing of any other cases in litigation, arbitration, or any administrative proceeding in which the Testifying Expert has submitted an expert report or has testified as an expert at trial or at any hearing or by deposition, within the preceding five years, including, to the extent not otherwise prohibited by confidentiality obligations, the names of the parties, the court in which the action was filed, or if transferred, the court where the action was transferred, the docket number, and any other information necessary to identify the litigation or proceeding; and

        (e)    A listing of all articles, treatises, books, working papers, or other publications authored or co-authored by the expert relating to the subject matter of the Testifying Expert's expertise within the preceding 10 years, and, upon request, copies of all such (or relevant portions of such) articles or working papers so listed.

    4.    With respect to documents, data and other written materials relied upon by any Testifying Expert in forming the opinions set forth in the expert report, to the extent that such documents, data and other materials have been produced in the Litigation, they shall be identified by (i) Bates number identifying the relevant document or other information, (ii) the deponent names and the dates for the transcripts of depositions, (iii) the exhibit numbers for any exhibit from any deposition, or (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources, at the time when expert reports are exchanged. To the extent the expert relies on materials not produced in the Litigation, they shall be produced at the time when expert reports are exchanged.

5. Notwithstanding anything in Paragraph 3, discovery shall not be permitted into the following:

   (a) Outlines, draft reports, draft studies, draft affidavits, or draft work papers; preliminary or intermediate calculations, computations, or data; or other preliminary, intermediate, or draft materials prepared by, for, or at the direction of an Expert unless the Expert relies on the aforementioned as the basis for his or her opinion;

   (b) Any notes or other writings taken or prepared by or for an expert in connection with the Litigation, including, but not limited to, correspondence or memoranda to or from, and notes of conversations or meetings with, any party or counsel or agent for the party on whose behalf the Testifying Expert was engaged, the Testifying Expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such Testifying Expert, unless the Testifying Expert relies on the aforementioned as the basis for his or her opinion;

   (c) Written or oral communications between the Testifying Expert or the Testifying Expert's assistants and/or clerical or support staff and any party or counsel or other agent for the party on whose behalf the expert was engaged, except to the limited extent that a Testifying Expert expressly relies on a communication of a matter of fact from such counsel, agent, party, or party affiliate in the expert report; and

   (d) Materials or information that may have been reviewed or considered but not relied upon by the Testifying Expert.

6. Nothing herein, however, shall be construed to prevent deposition questions relating to the substance of the Testifying Expert's opinions, including into whether the Testifying Expert considered alternative theories, methodologies, variables, or assumptions, or whether the Testifying Expert considered or reviewed particular documents, information or methods, and the reasons why the expert either did or did not rely on such documents, information, or methods of analysis in formulating his or her opinion.

7. Nothing herein shall be construed to preclude deposition questions concerning the Testifying Expert's terms of engagement, compensation, the time spent and work involved in the

preparation of the Testifying Expert's report or testimony, or any facts or assumptions provided by a party and relied upon by the Testifying Expert.

8. Where a Testifying Expert is affiliated with a firm that has also provided non-testifying expert consulting advisory services to a party, the work product of the non-testifying expert consultants shall not be subject to expert discovery, except to the extent such material has been expressly relied upon by the Testifying Expert in forming his/her opinions set forth in the expert report. To the extent this Expert Discovery Stipulation limits discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the Parties agree to abide by the limits set forth in this Expert Discovery Stipulation.

9. Nothing in this Expert Discovery Stipulation constitutes an admission or concession that any of the information exempted from discovery by this Expert Discovery Stipulation would otherwise be discoverable or admissible. Further, nothing in this Expert Discovery Stipulation requires discovery of any information that would otherwise be protected from discovery by the attorney client privilege, work product doctrine, or any other applicable privileges or protections, including but not limited to privileged material between outside counsel and Fed. R. Civ. P. Rule 26(a)(2)(C) expert witnesses.

10. Any fees charged by an expert for responding to discovery, including time spent at depositions, shall be paid by the party who has retained the expert.

11. Nothing herein shall limit or waive any party's right to object for any reason to: (i) the admission, in whole or in part, of any opposing party's expert opinion into evidence, or (ii) the qualifications of any person to serve as an expert witness.

12. This agreement may be amended only by written stipulation among all parties or upon order of the Court for good cause shown.

Dated: October 14, 2020

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | MAYER BROWN LLP |
| By: */s/ Robert Loigman* | By: */s/ Matthew D. Ingber* |
| Michael Carlinsky | Matthew D. Ingber |
| Robert Loigman | Christopher J. Houpt |
| Benjamin Finestone | Michael Rayfield |
| Adam M. Abensohn | Luc W. M. Mitchell |
| Anil Makhijani | Anjanique M. Watt |
| Alexandre Tschumi | 1221 Avenue of the Americas |
| Zachary Russell | New York, New York 10020 |
| 51 Madison Avenue, 22nd Floor | (212) 506-2500 |
| New York, New York 10010 | |
| (212) 849-7000 | THE LAW OFFICES OF JOHN F. BAUGHMAN, PLLC |
| michaelcarlinsky@quinnemanuel.com | |
| robertloigman@quinnemanuel.com | John F. Baughman |
| benjaminfinestone@quinnemanuel.com | Nathaniel Marmon |
| adamabensohn@quinnemanuel.com | 299 Broadway, Suite 207 |
| anilmakhijani@quinnemanuel.com | New York, New York 10007 |
| zacharyrussell@quinnemanuel.com | (347) 241-6347 |
| alexandretschumi@quinnemanuel.com | |
| | *Attorneys for Plaintiff* |
| Bennett Murphy | |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | |
| (213) 443-3000 | |
| bennettmurphy@quinnemanuel.com | |

*Attorneys for Defendants*

**SO ORDERED.**

Dated: October 15, 2020

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE