# EXHIBIT A

1                    B. DENT

2    UNITED STATES DISTRICT COURT

3    SOUTHERN DISTRICT OF NEW YORK
     --------------------------------x
4                                    Case No.

5    In re:                         1:20-cv-06539(JMP)

6    CITIBANK AUGUST 11, 2020 WIRE

7    TRANSFERS

8
     --------------------------------x
9

10      REMOTE VIDEOTAPED 30(b)(6) DEPOSITION OF

11            FREDERICK BAILEY DENT, III

12                 New York, New York

13                 October 9, 2020

14

15

16

17

18

19

20

21

22   Reported by:

23   KATHY S. KLEPFER, RMR, RPR, CRR, CLR

24   JOB NO. 185139

25

Page 2

```
1                 B. DENT
2
3           October 9, 2020
4
5       REMOTE VIDEOTAPED deposition of
6   FREDERICK BAILEY DENT, III, before
7   Kathy S. Klepfer, a Registered
8   Professional Reporter, Registered
9   Merit Reporter, Certified Realtime
10  Reporter, Certified Livenote Reporter,
11  and Notary Public of the State of New
12  York.
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
1                 B. DENT
2           A P P E A R A N C E S:
3
4   MAYER BROWN
5   Attorneys for Plaintiff
6       1221 Avenue of the Americas
7       New York, New York 10020
8   BY:  RICHARD SPEHR, ESQ.
9       ALLISON ZOLOT, ESQ.
10      ALINA ARTUNIAN, ESQ.
11
12  QUINN EMANUEL URQUHART & SULLIVAN
13  Attorneys for Defendants
14      51 Madison Avenue
15      New York, New York 10010
16  BY:  BENJAMIN FINESTONE, ESQ.
17      ZACHARY RUSSELL, ESQ.
18
19
20  ALSO PRESENT:
21
22      GUS RESENDIZ, General Counsel and CCO
23      New Generation Advisors, LLC
24      MIMI REISERT, General Counsel, Citibank
25      DAVID WOODFORD, Videographer
```

Page 4

```
1                 B. DENT
2
3       IT IS HEREBY STIPULATED AND
4   AGREED, by and between the attorneys for
5   the respective parties herein, that the
6   filing and sealing be and the same are
7   hereby waived.
8       IT IS FURTHER STIPULATED AND
9   AGREED that all objections, except as to
10  the form of the question, shall be
11  reserved to the time of the trial.
12      IT IS FURTHER STIPULATED AND
13  AGREED that the within deposition may be
14  sworn to and signed before any officer
15  authorized to administer an oath, with
16  the same force and effect as if signed
17  and sworn to before the Court.
18
19
20
21
22
23
24
25
```

Page 5

```
1                 B. DENT
2       THE VIDEOGRAPHER:  Good afternoon,
3   counselors.  My name is David Woodford,
4   legal videographer in association with TSG
5   Reporting, Inc.
6       Due to the severity of COVID-19 and
7   following the practice of social distancing,
8   I will not be in the same room as the
9   witness.  Instead, I will record this
10  videotaped deposition remotely.
11      The court reporter, Kathy Klepfer,
12  will also not be in the same room and will
13  swear the witness remotely.
14      Do all parties stipulate to the
15  validity of this video recording and remote
16  swearing and that it will be admissible in
17  the courtroom as if it had been taken
18  following Rule 30 of the Federal Rules of
19  Civil Procedures and the State's rules where
20  this case is pending?
21      MR. FINESTONE:  We agree to the
22  validity of the video recording, and we
23  agree that there are no objections to
24  admissibility based on the fact that you are
25  not in the same room as the witness or
```

B. DENT

```
 1                    B. DENT
 2        Q.    Did Mr. Beals tell you before 11:07 on
 3   August 13 that the loan -- that he believed that
 4   the loan had been mistakenly paid off?
 5        MR. FINESTONE:  Object to the form of
 6   the question.  Compound.
 7             You can answer if you can -- if you
 8   can, Bailey.
 9        A.    There was no correspondence on the
10   subject prior to that e-mail at 11:07.
11        Q.    Were there telephone calls or other
12   communications between you and Mr. Beals prior
13   to 11:07 on the 13th in which he indicated, in
14   words or substance, that he believed that the
15   loan had been mistakenly paid off by Citi?
16        MR. FINESTONE:  Object to the form of
17   the question.  Same objection.
18             You can answer, Bailey.
19        A.    There were not.
20        Q.    The -- that sentence goes on to read,
21   "But don't return it until hear" -- I think you
22   meant "you hear" -- "from me.  Thanks."
23             What's the basis of that communication
24   to Mr. Beals at 11:07?  Why did you say that?
25        A.    It was based on a discussion that we
```

B. DENT

```
 1                    B. DENT
 2   had with counsel.
 3        Q.    And counsel, again, here is Quinn
 4   Emanuel?
 5        A.    That's correct.  It was a privileged
 6   conversation with counsel.
 7        Q.    The next e-mail in the chain, two
 8   minutes later at 11:09, from Mr. Beals back to
 9   you reads, "Yes, see attached.  We received
10   interest which we were due and the principal by
11   mistake."
12             Do you know what he attached to this
13   e-mail?
14        A.    I don't.
15        Q.    Do you recall seeing the recall notice
16   in conjunction with this e-mail exchange?
17        A.    I don't.
18        Q.    Mr. Beals goes on to write, "We
19   received interest which we were due and the
20   principal by mistake."
21             Do you see that?
22        A.    I do.
23        Q.    It goes on to read, "NT," referring to
24   Northern Trust, "is going to return it."
25             Did you have any conversation with Mr.
```

B. DENT

```
 1                    B. DENT
 2   Beals around this e-mail exchange in which he
 3   states that the principal was paid by mistake?
 4        A.    I did not.  The only correspondence is
 5   this e-mail between the two of us.
 6        Q.    Did you have any reason to believe on
 7   or about 11:09 a.m. on August 13 that the
 8   payment by Citi was not a mistake?
 9        A.    At that point, we had already received
10   the e-mail from Citi saying that it was a
11   mistake.
12        Q.    Right.  And so my question to you is
13   did you have any reason to believe at or about
14   this time that the payment was not made by
15   mistake?
16        A.    I know Citi said that they made the
17   payment by mistake, but I didn't know about the
18   payment prior to that -- to the e-mail from
19   Citi.
20        Q.    It goes on to say, "NT is going to
21   return it.  You want them to wait?"  And you
22   respond a minute later at 11:10, "Yes, wait.
23   Call them immediately to not return."
24             What was the basis of that e-mail to
25   Mr. Dent at 11:10?
```

B. DENT

```
 1                    B. DENT
 2        A.    The e-mail to Mr. Beals at 11:10 to
 3   not return it, that was advice of counsel.
 4        Q.    Again, Quinn Emanuel, correct?
 5        A.    Right.
 6        Q.    Let's turn to Tab 10, please.  This
 7   was a document that we previously marked as
 8   Beals Exhibit 13.  It's Bates NEWGEN_CITI_0462.
 9   Begins with an e-mail from you to Mr. Beals and
10   Colin Page, again dated August 13 at 1:21 p.m.
11             Do you see that?
12        A.    I do.
13        Q.    And this appears to be an e-mail
14   exchange in which Citi is -- has sent a second
15   followup recall notice; is that correct?
16        A.    That's what it appears, yes.
17        Q.    And it appears to have been sent to
18   Mr. Beals; is that correct?
19        A.    Looks like it was sent to operations,
20   which includes Mr. Beals.
21        Q.    And then he passes it on to you with
22   an FYI?
23        A.    That's correct.
24        Q.    And then you respond, "Ignore for the
25   time being.  Thanks."
```