# EXHIBIT B

# Artunian-Giles, Alina

**From:** Zolot, Allison
**Sent:** Friday, September 4, 2020 6:04 PM
**To:** Anil Makhijani; Robert Loigman; Zachary Russell
**Cc:** Ingber, Matthew D.; Houpt, Christopher J.; Watt, Anjanique M.; John F Baughman; Andrew Reynard
**Subject:** In re Citi - Meet and Confer Follow Up

Counsel,

As promised at this morning's meet and confer, below please find answers to your inquires.

**Date range and proposed custodians**

As we explained during today's meet and confer, we have determined that July 28, 2020 was the date that Citibank first became aware of the AG roll up transaction. This is why we offered July 28, 2020 as the beginning of the date range for our document custodians. You insisted that you would not entertain anything later than July 1, 2020 because you believe—without any evidentiary basis—that discussions around this repurchase would likely have begun at the beginning of the quarter, which started on July 1.

You also raised questions about the seven custodians we proposed based upon our initial disclosures. We have explained that these are the people who we believe have relevant knowledge of the August 11 transfer, but you insisted that we include individuals from the business side of Citibank with knowledge of the repurchase requests, which we would reiterate is not relevant in light of Judge Furman's stated view on the scope of this case.

In particular, you requested that we add Brendan Zeigon and Justin Tichauer as custodians. In the spirit of compromise we are willing to add these two individuals as document custodians for our proposed date range and are open to discussing your expanded time period if you are able to show the relevance after reviewing the productions. However, we see no reason to include any additional custodians from the business side.

**Hit Reports**

As we agreed, we ran a hit report on the data that we have available. We ran the search terms you proposed on our date range. Many of the search terms yielded voluminous hits. Below is a sampling of some of the worst offenders but it is by no means exhaustive. Hopefully we can use this list to think about ways to narrow and/or eliminate certain overbroad terms that would be widely used in email correspondence unrelated to this case.

"Term Loan"
Admin*
Err*
Principal*
Release
2.3
Interest w/10 (payment* OR amount* accru*)
Rev
"Credit Agreement"

**Requests for Production 1(e), 5, and 10**

In the interest of compromise, we will agree to produce responsive non-privileged information in accordance with our date range and custodian proposal above in response to 1(e) and 10.  We are not conceding that this material is relevant.  We stand on our objections to 5.

We are available to discuss if that would be helpful.

Thanks,
Allison

_____

**Allison Zolot**
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
T +1 212 506 2149
azolot@mayerbrown.com
LinkedIn | Twitter
mayerbrown.com