UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                             :

IN RE CITIBANK AUGUST 11, 2020 WIRE     :
TRANSFERS                                   :
                                             :
------------------------------------------------------------------------X

20-CV-6539 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On November 13, 2020, Defendants filed a letter-motion seeking leave to file their

Proposed Findings of Fact and Conclusions of Law with redactions, indicating that while they

"take no position on whether the information and testimony should be filed under seal," Plaintiff

Citibank, N.A. ("Citibank") and non-parties Revlon, Inc. and Revlon Consumer Products

Corporation (together, "Revlon") "have indicated that [certain] portions should be redacted"

pursuant to the parties' protective order. ECF No. 141. Shortly thereafter, Defendants filed their

Proposed Findings of Fact and Conclusions of Law in both redacted and unredacted (with

restricted viewing access) form. *See* ECF Nos. 142, 145. On November 16, 2020, both Citibank

and Revlon responded to Defendants' letter-motion. Citibank indicated that it "consents to the

public filing of any portion of the document that it previously requested to be redacted." ECF

No. 151. By contrast, Revlon "request[ed] that certain documents and limited testimony be

maintained under seal and made public only in redacted form to protect the interests of Revlon

and other third parties that are not parties to this action." ECF No. 152.

The Court cross-referenced the materials that Revlon believes should remain under seal

with the redactions in Defendants' Proposed Findings of Fact and Conclusions of Law and found

only a handful that overlapped, namely those on pages 10 n.7, 15, 17-18, 43, 44, and 76.[1] Upon

---

[1]     In the future, any party that opines on the propriety of redactions in a document should
reference the particular redactions themselves rather than referencing the underlying document

review of the relevant material, the Court concludes that there is no basis to keep any of it

redacted, as the information at issue is not materially different from information that is already

part of the public record in this matter (or outside of the record).  Accordingly, and given the

absence of any objections to lifting the rest of the redactions, the motion to seal Defendants'

Proposed Findings of Fact and Conclusions of Law is **DENIED** in its entirety.

To be clear, the Court's ruling is limited to Defendants' Proposed Findings of Fact and

Conclusions of Law — the only document as to which Defendants moved — and does *not*

extend to the underlying exhibits themselves, which have not yet been offered or admitted into

the record.  If or when an exhibit is offered or admitted at trial, however, it will indeed qualify as

a "judicial document" subject to a "strong" presumption in favor of public access.  *Estate of*

*Serota v. Serota Org., LLC*, No. 12-CV-1577 (JS) (ARL), 2012 WL 13168906, at *1 (E.D.N.Y.

Dec. 17, 2012) ("Documentary exhibits and trial testimony are also strongly presumed to be

public, since they are a direct part of the process of adjudication." (quoting *Encyclopedia Brown*

*Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998))); *see generally*

*Brown v. Maxwell*, 929 F.3d 41, 47-52 (2d Cir. 2019); *Lugosch v. Pyramid Co. of Onondaga*,

435 F.3d 110, 119-20 (2d Cir. 2006).[2]  If a party (or third party) believes that such a document

should be filed under seal or in redacted form, it will be that party's "burden . . . to demonstrate

that the interests favoring non-access outweigh those favoring access."  *United States v. Amodeo*,

44 F.3d 141, 148 (2d Cir. 1995).  The mere fact that information is subject to a confidentiality

---

and forcing the Court to locate the relevant redactions.  Not only is that the more efficient and
more sensible procedure, but it also minimizes the risk that the Court will overlook information
that the party believes should remain redacted.

[2]     Trial exhibits are not, in the normal course, filed on the docket, but are maintained in the
possession of the parties.  Significantly, however, that does not affect the fact that they are
"judicial documents" subject to a strong presumption in favor of public access.

agreement between the parties is not a valid basis to overcome the presumption.  *See, e.g.*,

*United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074, at \*4

(S.D.N.Y. June 30, 2015).

In light of the foregoing and to ensure that the Court resolves any issues regarding public

access to trial exhibits in a timely fashion, the parties are hereby **ORDERED** to confer with one

another and any relevant third parties (including but not limited to Revlon) with respect to how

to handle public access issues for exhibits offered or admitted at trial — that is, both (1) how to

promptly make any such documents available to members of the public and the press if

requested; and (2) how to address any claim by a party (or third party) that information or

material in a trial exhibit should remain sealed or redacted.  In particular, the parties should

propose a procedure to ensure that where a party believes that information relevant to the issues

in the case should nevertheless remain under seal or be filed in redacted form, that party can be

heard on the issue in a timely manner (ideally before trial or, at a minimum, before the document

or information is offered or admitted at trial).[3]  The parties should file a joint letter proposing

how to handle these issues (along with a proposed order, if appropriate) **by November 25, 2020**.

The Clerk of Court is directed to terminate ECF No. 141 and to unseal (that is, convert to

public view, with no restrictions) ECF No. 145.


        SO ORDERED.

Dated: November 18, 2020
       New York, New York                          _____
                                                   JESSE M. FURMAN
                                                   United States District Judge

---

[3]       In general, if information in a document is not relevant to the issues in the case, *and no party asks the Court to consider it*, the parties may — and should — redact the information without leave of Court to obviate any concerns about public access.