# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*
*Citibank August 11, 2020 Wire Transfers*

Case No. 1:20-cv-06539 (JMF)

## CITIBANK'S EVIDENTIARY OBJECTIONS
## TO DEFENDANTS' WITNESS DECLARATIONS

Plaintiffs respectfully submit the attached chart of objections to testimony offered in Defendants' Witness Declarations.  To aid the Court's review, we summarize one recurring issue.

Defendants' witnesses who did not learn about the August 11 Wire Transfers until after Citibank had sent recall notices seek to testify about what they "would" have done or "would not" have believed if they had known about the wires at the time they were sent.  For example, Greywolf's Steven Abrams testifies that he did not learn of the transfers until after Citibank sent recall notices, but also testifies as follows:

- Prior to receiving Citibank's "error notices," I *would not have believed* that the payments had been made by mistake.  Abrams Decl. ¶ 19 (emphasis added).

- I certainly *would not have believed* that a mistake had occurred.  *Id.* (emphasis added).

- To me [certain asserted facts] *would have provided* a strong indication that Revlon was intentionally paying down the full loan.  *Id.* ¶ 20 (emphasis added).

- I *would not have believed* that Citibank would have accidentally paid our clients. *Id.* ¶ 21 (emphasis added).

- The only apparent reason that interest *would have become* "due on August 11 under these circumstances is if the full loan was being paid down.  *Id.* ¶ 23 (emphasis added).

- Absent Citibank's assertion of error that I learned about on August 13, 2020, *it would have seemed far more likely to me* that Citibank had made the August 11 payments on purpose.  *Id.* ¶ 25 (emphasis added).

All of this is irrelevant speculation and improper opinion that should be excluded under Rules 401, 602 and 701.  Similar examples are identified in the charts that follow.  All such hypothetical testimony should be held inadmissible.

## CONCLUSION

The Court should sustain Citibank's objections to Defendants' testimony.

Dated:  New York, New York
November 20, 2020

John F. Baughman
Andrew H. Reynard
THE LAW OFFICES OF JOHN F.
BAUGHMAN, PLLC
299 Broadway, Suite 203
New York, New York 10007
(347) 241-6347

By: /s/   Matthew D. Ingber
Matthew D. Ingber
Christopher J. Houpt
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

**STEVEN ABRAMS (GREYWOLF)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 11 | "I understood from the email that Virtus had sent back funds to Citibank that had been received for Greywolf CLO IV, which I believed was in response to the error notice that Citibank had sent by that time … If Virtus had asked, I would not have approved a return of funds to Citibank." | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |
| ¶¶ 19-28 | Entire section. | Mr. Abrams stated in ¶ 14 that he first became aware on the morning of August 13 that the Greywolf-managed CLOs received wires.  Accordingly, all of his testimony about what he might have done or might have believed on August 11 and August 12 is inadmissible.<br><br>FRE 401 – irrelevant.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |

3

**SCOTT CARAHER (SYMPHONY)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 14 | "During multiple phone calls during the morning and early afternoon of August 12, Mr. Vaughan informed me that our clients had, on August 11, received full paydowns, including principal and interest on the 2016 Term Loans." | FRE 801 – hearsay. |
| ¶ 38 | "These persons implied that Ronald Perelman would supply the necessary funding to make the payment." | FRE 801 – hearsay. |

**SCOTT CROCOMBE (HPS)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 4 | "The HPS personnel who were processing the August 11 transfer on the morning of August 12, made no indication to me or, *as far as I am aware, anyone else at HPS, that those payments were made by mistake*, as I would have expected had they perceived such an occurrence." | FRE 602 – lack of personal knowledge. |
| ¶ 12 | "We discussed his learning that some of the 2016 Term Lenders not advised by HPS, including those advised by Investcorp, had been paid off.  He also said he was checking with Marc Sikoscow, one of our traders, to see whether HPS's Client Funds were paid off too.  Mr. Sikoscow had not yet responded to this inquiry." | FRE 801 – hearsay. |
| ¶ 14 | "At or around 5:00 P.M. EDT, on a separate phone call, Mr. Sikoscow notified me that the entire balance of the 2016 Term Loans held by HPS's Client Funds had been paid off on the evening of August 11, and that Citibank sent a message to HPS on the afternoon of August 12 claiming that the principal portion of the payments had been made in error." | FRE 801 – hearsay. |
| ¶ 17 | "My understanding was the complaint was being filed shortly after 12:00 P.M. EDT that day. At approximately 2:00 P.M. EDT, I received confirmation that the complaint had been filed." | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |

**FREDERICK DENT (NEW GENERATION)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 18 | "It would not have even seemed plausible to me, but for the fact that Citibank sent those notices, that the payment had occurred by mistake." | Mr. Dent stated in ¶ 13 that he first became aware of the August 11 Wire Transfers on the morning of August 13.  Accordingly, his testimony about what he might have done, or what might have seemed plausible to him on August 11 or August 12 is inadmissible.<br><br>FRE 401 – irrelevant.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 19 | "To me, that would provide strong indication that Revlon was intentionally paying down the full loan to each lender that received the payments." | As above.<br><br>FRE 401 – irrelevant.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 20 | "It would have been inconceivable to believe that Citibank would have accidentally paid New Generation LP, or the larger universe of lenders on the Revlon Term Loans, exactly the amounts they were owed in principal and interest on outstanding loans." | As above.<br><br>FRE 401 – irrelevant.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |

| ¶ 21 | "The only apparent reason that interest would have become 'due' on August 11 is if the full loan was being paid down.  In my experience, it is not uncommon for a loan to be prepaid; and, when it is, interest becomes due and is typically paid at the same time." | As above.<br><br>FRE 401 – irrelevant.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
|---|---|---|
| ¶¶ 23 - 25 | Entire paragraph. | As above.<br><br>FRE 401 – irrelevant.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |

**JEFFREY FRUSCIANTE (BRIGADE)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 15 | "My assumption at the time when I saw this exchange was that Virtus had reached out to Citibank and confirmed how to apply the wire to principal and interest sub-accounts." | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 16 | "My colleague Maureen Turk asked Mr. Williams for the "value date," because administrators sometimes ask for backup for payments that were made weeks or even months in the past.  *Id.* By asking for the value date, Ms. Turk was identifying whether SEI sought backup for a recent payment or an older payment." | FRE 602 – lack of personal knowledge, lack of foundation. |
| ¶ 18 | "Similarly, none of the administrators that contacted Brigade on the morning of August 12 regarding the payments suggested that they were in error." | FRE 602 – lack of personal knowledge, lack of foundation. |
| ¶ 21 | "Even though I was skeptical of Citibank's 'error notices,' it became apparent to me *and my colleagues*, once we received those notices, that Citibank was claiming it was entitled to the return of the funds and that there would be a dispute, even possibly litigation." | FRE 602 – lack of personal knowledge, lack of foundation. |
| ¶ 30 | "Here, many of *the administrators applied the payments to both principal and interest because* those payments matched the exact amount of outstanding principal and accrued interest, making it clear that they were intended as paydowns on the loans." | FRE 602 – lack of personal knowledge, lack of foundation. |

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 30 | "She transferred me to her supervisor, Javier Tapia, who explained that Virtus applied the payment pursuant to a policy they have that no notice or verification is necessary for a paydown that matches outstanding principal and interest to the penny." | FRE 801 – hearsay. |
| ¶ 30 | "Several other administrators also applied the funds to principal and interest when the payments were received, including BNP Paribas, SEI Investments, Bank of New York Mellon, JP Morgan, and Northern Trust.  These administrators applied the funds for at least fourteen different lenders: AMPI, BCF2, BCIT, BIGR, BLUE, CLO8, COPX, DLTA, DSTR, ISBI, JPBD, JPRP, LBNK, NOCA, SACR, SGMF, and SODA." | FRE 602 – lack of personal knowledge, lack of foundation. |
| ¶ 31 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation. |

**JOHN GREENE (BARDIN HILL)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 17 | "In this initial call, Mr. Raciti told me that all of our CLOs had been fully paid down by Revlon on August 11, 2020." | FRE 801 – hearsay. |
| ¶ 30 | "It would have even seemed plausible, but for those notices, that the payment had occurred by mistake." | Mr. Greene stated in ¶ 17 that he first became aware of the August 11 Wire Transfers at approximately 6:00 pm on August 12. Accordingly, all of his testimony about what he might have done or might have believed had he been involved in events prior to that is inadmissible. FRE 401 – irrelevant. FRE 602 – lack of personal knowledge, lack of foundation. FRE 701 – improper opinion testimony. |
| ¶ 32 | "Indeed, it would have been inconceivable to believe that Citibank would have accidentally paid lenders exactly the amounts they were owed in principal and interest on outstanding loans." | As above. FRE 401 – irrelevant. FRE 602 – lack of personal knowledge, lack of foundation. FRE 701 – improper opinion testimony. |

## MICHAEL JOSEPHSON (GREYWOLF)

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 13 | "Sometime approximately between 11:15 a.m. and 11:30 a.m. EDT, I received a phone call from Mr. Abrams advising me of Revlon's paydown on the 2016 Term Loans." | FRE 801 – hearsay. |
| ¶ 15 | "At that time, I understood from the email that Mr. Varghese did not believe Greywolf CLO II had received a paydown. [citation.]  I also understood from the email that Virtus had already sent money back to Citibank for Greywolf CLO IV, after it had received the recall notice from Citibank." | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |
| ¶ 17 | "I understood from that email that Greywolf CLO IV had received funds from Citibank and that Virtus was trying to get money back that it had already returned to Citibank." | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |
| ¶ 19 | "Additionally, it would not have even occurred to me that the August 11 payments were made by mistake if I had not been advised that Citibank, the day after that transfer, sent notices claiming that such a mistake had occurred … To me, that would have made it obvious that Revlon was paying down the loans." | FRE 602 – lack of personal knowledge, lack of foundation; speculation on hypothetical.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 21 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation; speculation on hypothetical.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 22 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation; speculation on hypothetical.<br><br>FRE 701 – improper opinion testimony. |

**ERIC LEE (SYMPHONY)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 6 | Entire paragraph. | FRE 801 – hearsay. |
| ¶ 7 | "My immediate reaction was that Mr. Caraher was likely calling Mr. Vaughan because he was upset with the operations team, possibly because they had missed the paydown." | FRE 602 – lack of personal knowledge, lack of foundation; speculation. |
| ¶ 7 | "I concluded by writing "any error?," which I asked, again, based on my concern—from Mr. Vaughan's mention that Mr. Caraher had been calling a "ton"—that the operations team may be receiving blame for failing to record the paydown immediately upon receipt." | FRE 602 – lack of personal knowledge, lack of foundation; speculation.<br><br>FRE 801 – hearsay. |

## WILLIAM LENGA (TALL TREE)

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 14 | "It is my understanding that Mr. Buscher then called U.S. Bank, the trustee and collateral administrator for the Grove CLOs, and asked for such confirmation. He then logged into his account on US Bank's Pivot website and reviewed a recall notice regarding the amount transferred to Lockwood Grove (the "Lockwood Recall Notice")." | FRE 602 – lack of personal knowledge, lack of foundation. |
| ¶ 15 | "At 11:20 AM CDT, U.S. Bank confirmed that all three Grove CLOs received full paydowns." | FRE 801 – hearsay. |

## CATHERINE McCOY (ALLSTATE)

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 16 | "Bank of New York Mellon tagged the funds received to the 2016 Term Loan on August 11, 2020 for all five CLOs, meaning that the funds were identified as relating to the 2016 Term Loan. Bank of New York Mellon then also applied the payments to the five CLOs to the appropriate principal and interest sub-accounts." | Ms. McCoy stated in ¶ 17 that she first became aware on the morning of August 12 that the Allstate CLOs had received wires. She also does not work for Bank of New York Mellon, nor is she on the bank loan operations team that "tagged" the funds on August 11.<br><br>FRE 602 – lack of personal knowledge, lack of foundation. |
| ¶ 23 | Entire paragraph. | FRE 801 – hearsay.  Object to the extent that the out-of-court statements are offered for the truth of the matter asserted.  No objection if merely offered as verbal acts—*i.e.*, that the statements were made. |
| ¶ 24 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay as to what Mr. Roth said and believed. |
| ¶ 42 | "It was also entirely possible that Revlon could have raised the capital to pay off all of the 2016 Term Loans." | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |

**MELROSS MENESES (ZAIS)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 18 | Entire paragraph. | FRE 801 – hearsay. |
| ¶ 19 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |
| ¶ 24 | "To me, that would provide strong indication that Revlon was intentionally paying down the full loan to each lender that received payments." | This after-the-fact speculation about what the witness *would* have thought is inadmissible.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 25 | Entire paragraph. | This after-the-fact speculation about what the witness *would* have thought is inadmissible.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 27 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |

| ¶ 30 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
|---|---|---|
| ¶ 32 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 33 | "Another reason I would not consider prepayment to have been implausible or even unlikely is that it was certainly possible that Revlon could have raised the capital to pay off the Term Loans. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 34 | Entire paragraph. | This after-the-fact speculation about what the witness *would* have thought is inadmissible.<br><br>FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |

**MATT PERKAL (BRIGADE)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 35 FN 6 | Entire footnote | FRE 401 – irrelevant, since the footnote relates to events taking place three months after August 11. |
| ¶ 40 | "Moreover, on November 11, 2020, Revlon announced that it would, once again, pay par plus accrued interest to extinguish debt—this time, $106.8 million of its 2021 Notes, which the company agreed to repay in order to avoid the springing maturity of the 2016 Term Loans." | FRE 401 – irrelevant, since the paragraph relates to events taking place three months after August 11. |
| ¶ 41 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 42 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 701 – improper opinion testimony. |
| ¶ 51 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |
| ¶ 52 | "While certain representatives of Brigade knew before I did, none of the Brigade representatives who directed the UMB Bank actions knew of the August 11 payments prior to the filing of the complaint." | FRE 602 – lack of personal knowledge, lack of foundation. |

### <u>JEREMY PHIPPS (MEDALIST)</u>

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 17 | "Apparently, after learning of Citibank's recall notice, Ms. Wenderdaum gave an instruction to return those funds…" | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |

## JOHN VAUGHAN (SYMPHONY)

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 14 | "Starting at approximately 8:30 A.M. PDT, I emailed or phoned representatives from each of the custodians or trustees overseeing the accounts for Symphony's clients who were invested in the 2016 Term Loans, *and received confirmation from them that all of those Term Loans had been paid in full*." | FRE 801 – hearsay. |
| ¶ 15 | Entire paragraph. | FRE 801 – hearsay. |
| ¶ 16 | "Dominique Kemp, a U.S. Bank employee, responded with confirmation that the money had been received and asking for a notice." | FRE 801 – hearsay. |
| ¶ 17 | "True and correct copies of screenshots from Symphony's WSO system, showing the date and time of Symphony's entries, made at my direction, are Exhibits DX-0964-1001." | FRE 801 – hearsay. |
| ¶ 19 | "I understood him to be asking whether the paydown had been an optional prepayment and whether our operations team may have made an 'error[,]' perhaps by missing receipt of the paydown."<br><br>"I did not take Mr. Lee to be suggesting that Citibank may have made an error in sending our clients the exact amounts of outstanding principal and interest on their Term Loans." | FRE 602 – lack of personal knowledge, lack of foundation; speculation. |

**GEORGE XANTHAKYS (HPS)**

| ¶¶ | Text | Objection |
|---|---|---|
| ¶ 12 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation. |
| ¶ 13 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay.<br><br>DX-1129 was not produced in discovery, Plaintiffs request it in voir dire. |
| ¶ 14 | Entire paragraph. | FRE 602 – lack of personal knowledge, lack of foundation.<br><br>FRE 801 – hearsay. |
| ¶ 15 | "In response, Craig Pence at U.S. Bank told me that they received the paydown 'late evening after 6 when people are gone for the day,' and that they were working to get the notices from Citibank so that they could book the paydown." | FRE 801 – hearsay. |