

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Christopher J. Houpt**
Partner
T: +1 212 506 2380
F: +1 212 849 5830
CHoupt@mayerbrown.com

November 23, 2020

VIA ECF

Hon. Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *In re Citibank August 11, 2020 Wire Transfers*,
       No. 20-cv-06539 (JMF) (S.D.N.Y.)

Dear Judge Furman:

We write on behalf of Citibank, N.A. in support of the motions for leave to file amicus briefs by the Loan Syndication and Trading Association ("LSTA") (ECF No. 157) and The Clearing House and Bank Policy Institute (ECF No. 160) and in response to the preemptive opposition filed by defendants (ECF No. 154).

Given the huge sum at issue, the infrequency with which mistaken payments have to be litigated, and the defendants' advocacy of a novel interpretation of the discharge-for-value rule, it is little surprise that this case has attracted the attention of the market. Defendants do not dispute that LSTA is the leading organization representing all sides of the syndicated loan market, and TCH and BPI are the leading organizations representing money center banks that process wire transfers and serve as loan agents. In fact, defendants hired a former LSTA director as their expert witness, and he opines that requiring lenders to return mistaken payments would damage the loan market.

The decision to grant leave to file a brief amicus curiae is within the discretion of this court. Leave to file *amici* may be granted if the information offered is "timely" and "useful," *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014), or would be of "aid to the court and offer insight not available from the parties," *Auto. Club of N.Y. Inc.*, 2011 WL 5865296, at *1. We respectfully submit that the Court may find it helpful to hear from members of the industry, who would be affected by the Court's decision but who do not have pecuniary interests on either side of this case. Indeed, defendants do not identify any potential downside to the submission of the amicus briefs. Instead, they attack the groups for

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Jesse M. Furman
November 23, 2020
Page 2

"bias"—by which they seem to mean that the *amici* are concerned with the outcome of this case. Of course, Citibank is a member of organizations whose members share interests with Citibank. And it would hardly be unprecedented for a group to file an amicus brief when its broader membership supports a party's position and the case raises issues of wide importance. *See C&A Carbone, Inc. v. County of Rockland, N.Y.*, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014) (granting an amici motion where "the ultimate outcome of th[e] litigation could prove dispositive in future disputes," because while "[a] potential *amicus's* partiality is a factor to be considered," "*amici* need not be completely disinterested in the outcome of the litigation").

In fact, though the defendants failed to mention it, not only does the LSTA represent the entire loan syndication market, but eight of the ten defendants are members. One (HPS Investment Partners) is represented on the Executive Board.[1] As the membership roster shows, a large majority of LSTA members are investors, not banks. *See* LSTA Members, available at https://www.lsta.org/members/. Moreover, the LSTA brief explains that a litigation committee that is "evenly split between representatives of buy-side and sell-side firms" had to approve the proposed filing. Dkt. No. 157 at 2. Both Citibank and the defendants were recused from that decision. *Id.* Given its representation of all types of market participants, the LSTA's can provide "unique information or perspective" including on the defendants' argument that a requirement to return occasional missing payments would harm the loan market and impose unfair costs on lenders. *See Women for Am. First v. De Blasio*, 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting *Best Payphones Inc. v. Dobrin*, 410 F. Supp. 3d 457, 466 (E.D.N.Y. 2019)).

As for the contention that, because Citibank unsuccessfully opposed defendants' request for expert testimony on constructive knowledge, the amici are precluded from expressing their views about the policy consequences of the defendants' proposed rule, that makes no sense. First, the Court, at the defendants' urging, *permitted* expert discovery on notice standards. Second, the amici provide an industry perspective on *why* constructive notice is the better standard, not whether these *defendants* were on notice, as the experts opined. Given the amount of money at issue and the significant consequences of mistaken payments in the industry, this litigation has understandably garnered an interest from entities that stand to be affected by the Court's decision. But Citibank's position that this case is "limited in scope" (Dkt. No. 74) remains unchanged.

Accordingly, Citibank respectfully requests that the Court grant the pending motions for leave to file as amici curiae.

Respectfully submitted,

*/s/ Christopher J. Houpt*
Christopher J. Houpt

---

[1] Citibank is represented on the Board as well. *See* Dkt. No. 157 at 4 n.2. Ms. Sohoni of Citibank was Chair in 2018-19, and an HPS employee has also been Chair. As LSTA stated, "no representative of any of the parties to this litigation was involved in the decision to file this amicus brief." *See* Dkt. No. 157 at 4 n.2.