November 25, 2020

**VIA ECF**

Hon. Jesse M. Furman
United States District Court for the Southern
District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Citibank, August 11, 2020 Wire Transfers*, 1:20-cv-06539 (JMF)

Dear Judge Furman,

We submit this joint letter on behalf of the parties pursuant to this Court's November 18, 2020, Order for the parties to "confer with one another and any relevant third parties (including but not limited to Revlon) with respect to how to handle public access issues for exhibits offered or admitted at trial — that is, both (1) how to promptly make any such documents available to members of the public and the press if requested; and (2) how to address any claim by a party (or third party) that information or material in a trial exhibit should remain sealed or redacted." (*See* Memorandum Opinion and Order, ECF No. 153.)

The parties have conferred (including with certain third-parties, including Revlon) and propose the following procedures "to ensure that where a party believes that information relevant to the issues in the case should nevertheless remain under seal or be filed in redacted form, that party can be heard on the issue in a timely manner." (Memorandum Opinion and Order, ECF No. 153):

- By November 30, 2020, the parties will identify to relevant third parties, exhibits that are included on their respective exhibit lists that were produced by that third party.

- By December 3, 2020, any party or third party that believes any document identified on either party's exhibit list should remain under seal or be made available to the public in redacted form, shall identify such exhibits to the parties and provide the parties with (a) a redacted copy of the document and (b) a highlighted copy of the document that identifies the redacted portion.

- To the extent the parties add third-party exhibits to their exhibit lists after November 30, 2020, those additional exhibits will be contemporaneously identified for the third-parties. Within one business day of receiving a notice from a party that exhibits have been added to their exhibit list, or December 3, 2020, whichever is later, the third-party shall provide redacted and highlighted versions of exhibit(s) to be included in the public record.

- The parties believe that the information that will need to be redacted from documents in this case (e.g., bank account numbers) are not relevant to the issues in this case therefore leave of the court will not be required.  (*See* Memorandum Opinion and Order, ECF No. 153 at n.3 ("In general, if information in a document is not relevant to the issues in the case, *and no party asks the Court to consider it*, the parties may — and should — redact the information without leave of Court to obviate any concerns about public access.").)  Therefore, by December 4, 2020, the parties shall provide revised versions of the exhibit(s) with redactions to the Court, as necessary.

- In the unlikely scenario there are exhibits that have been redacted but where the information being redacted is relevant to the issues in this case, the party requesting the redaction/sealing shall submit a letter motion to the court requesting sealing of the exhibit or potions thereof by December 7, 2020.

- As contemplated by the Court's Order Establishing Remote Bench Trial Procedures for Trial, dated November 23, 2020 (ECF No. 165), the parties may use documents during cross-examination that may not have been disclosed on their exhibit list.  To the extent that any party or third-party objects to the display of such cross-examination document in open court during the examination of that party's witnesses—which the parties do not believe is likely to occur—the party seeking to limit public disclosure of that document may, at that time, raise the issue with the Court.  If the Court finds that the moving party has met its burden to demonstrate that "the interests favoring non-access outweigh those favoring access," *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995), then the exhibit in question will be shared only with the witness, the Court, and counsel without any public display of the document on Zoom (or any other technology ordered by the Court).  Within one business day, the party or third-party requesting the sealing shall submit a redacted form of that document for the public record.

Attached as Exhibit A is a proposed order which reflects this joint proposal.

As always the parties are available to meet at your convenience.

Respectfully submitted,

| By: | _/s/ Anil Makhijani_ | By: | _/s/ Andrew Reynard_ |
|---|---|---|---|
| | Anil R. Makhijani | | Andrew Reynard |

QUINN EMANUEL URQUHART & SULLIVAN, LLP

51 Madison Avenue, 22nd Floor New York, New York 10010
(212) 849-7000

*Attorneys for Defendants*

THE LAW OFFICES OF JOHN F. BAUGHMAN, PLLC
299 Broadway, Suite 203
New York, New York 10007
(347) 241-6347

MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

*Attorneys for Plaintiff*

cc Counsel of Record (via ECF)