UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                :
IN RE CITIBANK AUGUST 11, 2020 WIRE            :            20-CV-6539 (JMF)
TRANSFERS                                                   :
                                                                :            ORDER
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In preparing for trial, the Court has come to the conclusion that there is a potential jurisdictional problem that, regrettably, the parties and the Court previously overlooked. Plaintiff Citibank, N.A. ("Citibank") alleges that the Court has jurisdiction based on complete diversity. *See* 28 U.S.C. § 1332. In particular, Citibank alleges that it is a citizen of South Dakota, *see* ECF No. 1, ¶ 7, and that Defendants are citizens of other states, *see id.* ¶ 8; 20-CV-6617, ECF No. 13, ¶¶ 9-10; 20-CV-6713, ECF No. 1, ¶¶ 9, 11-16. Notably, Citibank's first and second Complaints alleged that Defendants Brigade Capital Management, LP, HPS Investment Partners, LLC, and Symphony Asset Management LLC — despite their names — are corporations, organized under the laws of states other than South Dakota and with principal places of business in states other than South Dakota, *see* ECF No. 1, ¶ 8; 20-CV-6617, ECF No. 13, ¶¶ 9-10, and these allegations were admitted by Defendants, *see* ECF No. 128, ¶ 8; ECF No. 129, ¶¶ 9-10. By contrast, the Defendants named in the third Complaint are all alleged to be limited liability companies or limited partnerships. *See* 20-CV-6713, ECF No. 1, ¶¶ 9, 11-16. These allegations are also admitted. See ECF No. 130, ¶¶ 9, 11-16.

        It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Similarly, it is well established that for purposes of diversity jurisdiction, a limited partnership ("LP") is deemed to be a citizen of each state of which its general and limited partners are citizens. *See, e.g.*, *Handelsman.*, 213 F.3d at 51-52 (collecting cases). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of persons who are partners of a limited partnership.

        Although the Court overlooked the issue until now, the third Complaint plainly fails to comply with these rules. Specifically, it alleges that the named Defendants are either LLCs or LPs, but it fails to allege the citizenship of Defendants' members and partners. And upon

reflection, while the first and second Complaints allege that the named Defendants are "corporations" (and would properly plead their citizenship if they were, in fact, corporations), it is pretty clear from their names that they too are LLCs.  Thus, at present, Citibank has not established that this Court has subject-matter jurisdiction.

If the parties are able to swiftly confirm that they are actually completely diverse and the problem is merely one of pleading, it may have no bearing on the trial date.  But, mindful that Court has an independent obligation to confirm its jurisdiction at all times and that subject-matter jurisdiction is not waivable (and may be raised even after judgment), the Court is not prepared to make matters worse by commencing trial if the issue is in doubt.  And, of course, if there is no diversity, the Court would have no choice but to dismiss the case without prejudice.

Counsel should be prepared to address these issues during the telephone conference scheduled for tomorrow.

SO ORDERED.

Dated: December 2, 2020
       New York, New York

_____
                    JESSE M. FURMAN
                    United States District Judge