December 8, 2020

**Via ECF**

Hon. Jesse M. Furman
United States District Court for the Southern
District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Citibank, August 11, 2020 Wire Transfers*, 1:20-cv-06539 (JMF)

Dear Judge Furman,

We submit this joint letter on behalf of the parties pursuant to this Court's order dated December 7, 2020.  (ECF No. 182.)  The parties agree that this case may proceed to trial.

The chart below concerns diversity jurisdiction under 28 U.S.C. § 1332, providing the states of citizenship with respect to certain of the Defendants as of August 17-20, 2020.  Plaintiff, Citibank, organized under the National Bank Act, is a citizen of South Dakota.  (ECF No. 1 at ¶ 8).

| Defendant | Citizenship |
| --- | --- |
| ALLSTATE INVESTMENT MANAGEMENT COMPANY | Delaware |
| BRIGADE CAPITAL MANAGEMENT LLC | New York, New Jersey, Connecticut, Colorado, South Carolina, Delaware, and Virginia |
| GREYWOLF LOAN MANAGEMENT LP | Connecticut, New York, California, other states not including South Dakota, and Cayman Islands and other foreign states |
| NEW GENERATION ADVISORS LLC | Virginia and Massachusetts |
| SYMPHONY ASSET MANAGEMENT LLC | New York |
| TALL TREE INVESTMENT MANAGEMENT LLC | Illinois, North Carolina, New Jersey, China and Germany |
| ZAIS GROUP LLC | Delaware |

With respect to two of the named Defendants, Bardin Hill Loan Management LLC and HPS Investment Partners, LLC, the diversity analysis is not yet complete.  These two defendants each have an indirect member, an investment fund managed by a third party, which, in each case, is itself a limited partnership with many investors, certain of which are limited liability companies

or limited partnerships. There are, accordingly, several layers of members/partners to investigate in order to confirm complete diversity. Most of that review has been completed and, thus far, no South Dakota citizens have been discovered. But the inquiry has not been completed, and there are still three and two investor inquiries remaining to be completed for Bardin Hill and HPS, respectively. In view of the limited inquiries that remain outstanding, the parties request that the Court proceed to trial with these parties included as Defendants. The parties will update the Court when the inquiries are complete, including immediately in the event a South Dakota citizen is discovered, and, in all events, prior to entry of any judgment in this case.[1]

Separately, the parties have learned that a third Defendant, Medalist Partners Corporate Finance LLC ("Medalist"), is partly-owned by JMP Holding LLC, which is a publicly traded entity. As a result, we are not in a position to confirm all of the jurisdictions in which Medalist may be a citizen.

Regardless of the citizenship of the parties, this Court may exercise federal question jurisdiction over this case under the Edge Act, 12 U.S.C. § 632. If the Court agrees with this approach, Citibank is prepared to file a consolidated amended complaint that alleges subject matter jurisdiction on this ground as to all defendants.

The Edge Act provides that federal courts may exercise subject matter jurisdiction where three requirements are satisfied. *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 780 (2d Cir. 2013). The first two requirements—that a case be a civil suit "at common law or in equity" where a "corporation organized under the laws of the United States is a party"—are clearly satisfied here. The third requirement is satisfied where the suit "'aris[es] out of . . . transactions involving international or foreign banking . . . or out of other international or foreign financial operations.'" *Id.* (quoting 12 U.S.C. § 632).

This case satisfies the Edge Act's third requirement. "Consistent with the purposes of the Act, this phrase is read broadly in order to protect federally chartered banks engaged in international banking from variations in state law and the local prejudices of state and insular courts." *Dexia SA/NV v. Bear, Stearns & Co.*, 924 F. Supp. 2d 555, 557 (S.D.N.Y. 2013).

In line with this broad reading, New York federal courts recognize that a "suit satisfies the jurisdictional requisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking." *In re Lloyd's Am. Tr. Fund Litig.*, 928 F. Supp. 333, 338 (S.D.N.Y. 1996) (emphasis added). Courts may properly exercise Edge Act jurisdiction even when only a small portion of the transaction giving rise to a suit involves international banking, as "there is no threshold dollar amount or percentage required under the text of the Edge Act or Second Circuit case law." *Kirschner v. JPMorgan Chase Bank, N.A.*, 2018 WL 4565148, *7 (S.D.N.Y. Sept. 24, 2018) (finding that foreign ownership of less than 1.5% of value of loan was sufficient to support Edge Act jurisdiction); *see also*, *Luby's Fuddruckers Restaurants, LLC v. Visa Inc.*, 342 F. Supp. 3d 306, 318 (E.D.N.Y. 2018) ("[T]he Edge Act does not require the foreign transaction to be central to the claim . . . . The statute does not require that the suit arise out of the foreign transaction but out of transactions *involving* foreign banking." (emphasis

---

[1] *See T.R. Grubbs v. Gen. Elec. Credit Corp.,* 405 U.S. 699, 705 (1972) (focusing on the requirement of complete diversity "at the time of judgment").

added)). Indeed, the Edge Act imposes no requirement that all—or even *most*—of the parties to a suit have some relationship to the foreign aspect of the underlying banking transaction. *See Kirschner*, 2018 WL 4565148 at *7-10 (holding that foreign domicile of two out of 61 "parent investors" in syndicated loan was sufficient to support Edge Act jurisdiction).

This suit arises from Citibank's processing of payments in connection with a $1.8 billion syndicated loan facility—including wire transfers sent to bank accounts located in foreign countries and held by foreign entities. As indicated in PX 492 and PX 519, one of the August 11 Transfers—a $30,737,304.49 payment directed to the HPS-managed GIM Credit Master Lux S.à.r.l.—was wired to a bank account located in Luxembourg, where that entity is domiciled. As another example, Citibank wired $3,681,822.01 to a bank account in Australia for the benefit of the Brigade-managed Future Directions Credit Opportunities Fund. *See* PX 1598; PX 123. In examining this issue, Citibank has confirmed that these wires were directed overseas, and the money was, in fact, transferred overseas. These two examples were not the only international transfers on August 11.

The facts of this case satisfy the Second Circuit's broad reading of the international banking requirement. Citibank's management of payments on a syndicated loan facility is a "banking activity" within the meaning of the Edge Act. *See Nacional Financiera, S.N.C. v. Chase Manhattan Bank, N.A.*, 2001 WL 327159, at *3 (S.D.N.Y. Apr. 4, 2001) ("Traditional banking activities" for Edge Act purposes include "loan agreements" and "payment and processing of drafts."). And sending money to an overseas bank account renders banking activity "sufficiently foreign to meet the requirements of the Edge Act" even where the foreign transactions "represent a small portion of the total" amount at issue in a suit. *Pinto v. Bank One Corp.*, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003). The activity giving rise to Citibank's claims thus involves foreign banking, and this Court may exercise jurisdiction under the Edge Act.

For the reasons set forth herein, the parties believe the Court may exercise jurisdiction over this case, and may proceed to trial with all Defendants.

As always the parties are available to meet at your convenience.

Respectfully submitted,

By: */s/ Benjamin I. Finestone*  
    Benjamin I. Finestone

    QUINN EMANUEL URQUHART & SULLIVAN, LLP

    51 Madison Avenue, 22nd Floor New York, New York 10010  
    (212) 849-7000

    *Attorneys for Defendants*

By: */s/ Matthew D. Ingber*  
    Matthew D. Ingber

    MAYER BROWN LLP  
    1221 Avenue of the Americas  
    New York, New York 10020  
    (212) 506-2500

    THE LAW OFFICES OF JOHN F. BAUGHMAN, PLLC  
    299 Broadway, Suite 203  
    New York, New York 10007  
    (347) 241-6347

    *Attorneys for Plaintiff*

cc Counsel of Record (via ECF)