UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                :

IN RE CITIBANK AUGUST 11, 2020 WIRE      :         20-CV-6539 (JMF)
TRANSFERS                                                              :
                                                                                :         <u>ORDER</u>
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court has received the parties' joint letter filed earlier today concerning subject-matter jurisdiction. *See* ECF No. 186. Based upon its preliminary research, the Court is inclined to conclude that the Edge Act, 12 U.S.C. § 632, would provide subject-matter jurisdiction, at least with respect to those Defendants whose clients received wire payments in foreign bank accounts (as identified in the joint letter, HPS and Brigade), and that the Court could then exercise supplemental jurisdiction over any Defendant with respect to which it would not otherwise have independent jurisdiction pursuant to 28 U.S.C. § 1367(a). *See, e.g.*, *Wilson v. Dantas*, No. 12-CV-3238 (GBD), 2013 WL 92999, at *8 (S.D.N.Y. Jan. 7, 2013); *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, No. 11-CV-6212 (BSJ), 2011 WL 6778473, at *2 (S.D.N.Y. Dec. 20, 2011), *vacated on other grounds*, 712 F.3d 775 (2d Cir. 2013).

       In light of that, and mindful (for the reasons discussed at the final pretrial conference) that the case can proceed to trial as to those seven Defendants the parties have confirmed are completely diverse from Plaintiff (pursuant to 28 U.S.C. § 1332), the Court is prepared to proceed with trial, subject to the following requirements and understandings to pin down the presence and basis for subject-matter jurisdiction as to each Defendant:

- Citibank shall **immediately** file a single, consolidated amended complaint properly alleging jurisdiction under the Edge Act, Section 1367, and Section 1332 (as the case may be), with correct allegations with respect to each Defendants' state(s) of citizenship, to the extent known;

- The parties shall promptly complete their investigation into the citizenship of the remaining three Defendants for which the parties remain uncertain of citizenship status;

- When that investigation is complete, the parties shall file a comprehensive list of all entities or persons whose citizenship is attributable to Defendants — that is, listing each member or partner of each LLC and LP and its state(s) of citizenship. Conclusory allegations to the effect that an entity does not have any members or partners who are citizens of South Dakota will not suffice.

Counsel should be prepared to discuss these issues at the outset of the proceedings tomorrow.

SO ORDERED.

Dated: December 8, 2020
New York, New York

JESSE M. FURMAN
United States District Judge