## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7341**

WRITER'S EMAIL ADDRESS
**benjaminfinestone@quinnemanuel.com**

December 15, 2020

<u>VIA ECF</u>

Hon. Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *In re Citibank August 11, 2020 Wire Transfers*, Case No. 20-cv-06539 (JMF)

Dear Judge Furman:

We write pursuant to Rule 7 of the Court's Individual Practices, to request that Appendix A to Defendants' December 15, 2020 letter (but not the letter, itself) be maintained under seal to protect the interests of various non-parties to this action. Appendix A contains the names and citizenships of entities whose citizenships are attributable to Defendants. These non-party investors, members, partners, and customers have little or no relation to the subject matters at issue in this litigation. Defendants respectfully submit that their privacy interests outweigh the presumption of access with respect to Appendix A to Defendants' December 15, 2020 letter.

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (alteration in original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)); *see also Nixon*, 435 U.S. at 598 ("[T]he right to inspect . . . judicial records is not absolute," and "[e]very court has supervisory power over its own records and files."). In the Second Circuit, courts consider the following in assessing whether to seal or redact documents: (1) whether the materials are "judicial documents," (2) the weight of the public interest in access to these documents, and (3) the privacy interests of the parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

"[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation," and "[s]uch interests, while not always fitting comfortably under the rubric 'privacy,'

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (citations omitted). In examining privacy interests, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* at 1051.

"[P]rivacy interest[s] related to [a person's] identity" can be sufficient to "outweigh the public's interest of access." *Parneros v. Barnes & Noble, Inc.*, 18 Civ. 7834 (JGK) (GWG), 2019 WL 10966199, at *2 (S.D.N.Y. Aug. 16, 2019); *see also Under Seal v. Under Seal*, 273 F.Supp.3d 460, 467 (S.D.N.Y. 2017) ("A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third-party's privacy interests.").

Motions to seal identities of non-party investors, members, partners, and customers are frequently granted. *See, e.g.*, *Druck Corp. v. Macro Fund (U.S.) Ltd.*, No. 02CIV6164AGSDFE, 2002 WL 31415699, at *1 (S.D.N.Y Oct. 28, 2002) (granting motion to seal "any reference to the non-party investors"); *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654(RA)(HBP), 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) ("Defendants have demonstrated that the . . . interests of defendants and the non-party entity in maintaining the confidentiality of the information appear to outweigh the public interest in access to the judicial documents."); *Hypnotic Hats, Ltd. V. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. 2018) (granting motion to seal "customer lists containing identifying information of non-parties due to the significant privacy interests at stake" (internal quotation marks omitted)); *Professional Sound Servs., Inc. v. Guzzi*, No. 02 Civ. 8428(DC), 2003 WL 22097500, at *1 (S.D.N.Y. Sept. 10, 2003) (noting parties had been earlier permitted to file information under seal to keep identities of customers confidential); *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (granting motion to seal information relating to a non-party's business relationships).

For these reasons, Defendants respectfully request that the Court enter an order that Appendix A to Defendants' December 15, 2020 letter be maintained under seal to prevent disclosure of the information described above.

Respectfully submitted,

*/s/ Benjamin I. Finestone*

Benjamin I. Finestone

Application GRANTED. The Clerk of Court is directed to make ECF No. 231 publicly available; ECF No. 231-1, however, shall remain under seal. The Clerk of Court is also directed to terminate ECF No. 230.

SO ORDERED.

December 16, 2020