UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A.,<br><br>                            *Plaintiff*,<br><br>v.<br><br>BRIGADE CAPITAL MANAGEMENT, LP, ALLSTATE INVESTMENT MANAGEMENT COMPANY, BARDIN HILL LOAN MANAGEMENT LLC, GREYWOLF LOAN MANAGEMENT LP, HPS INVESTMENT PARTNERS LLC, MEDALIST PARTNERS CORPORATE FINANCE LLC, NEW GENERATION ADVISORS LLC, SYMPHONY ASSET MANAGEMENT LLC, TALL TREE INVESTMENT MANAGEMENT LLC, ZAIS GROUP LLC,<br><br>                            *Defendants*. | Case No. 1:20-cv-06539 (JMF) |

**ANSWER TO AMENDED COMPLAINT**

Defendants Brigade Capital Management, LP ("Brigade"), HPS Investment Partners, LLC ("HPS"), Symphony Asset Management, LLC ("Symphony"), Bardin Hill Loan Management LLC ("Bardin Hill"), Greywolf Loan Management LP ("Greywolf"), ZAIS Group LLC ("ZAIS"), Allstate Investment Management Company ("Allstate"), Medalist Partners Corporate Finance LLC ("Medalist"), Tall Tree Investment Management LLC ("Tall Tree"), and New Generation Advisors LLC ("New Generation") (collectively, "Defendants"), through their undersigned counsel, hereby respond to and answer the allegations in the Amended Complaint

1

(the "Amended Complaint")[1] filed by Plaintiff Citibank, N.A. ("Citibank") on December 8, 2020, and state as follows:

## PRELIMINARY STATEMENT

1. Defendants admit that Citibank transferred approximately $900 million to the 2016 Revlon Term Loan Lenders. Defendants otherwise deny the allegations in paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegation that Citibank's transfer was intended to pass through an interest payment from Revlon and therefore deny the allegation. Defendants deny the remainder of the allegations in paragraph 2.

3. Defendants deny the allegations in paragraph 3, except admit that Revlon claimed publicly, after the transfers were completed, that it had made no principal payment on its debt, and admits that UMB Bank, National Association ("UMB Bank") has sued Revlon and demanded in an acceleration notice that Revlon immediately pay the entire balance of the 2016 Revlon Term Loan.

4. Defendants admit that Brigade communicated to Plaintiff that "[i]t is not at all clear that the funds were sent as a result of 'clerical mistake,'" but otherwise denies the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

## PARTIES

7. Defendants admit the allegations in paragraph 7.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Amended Complaint (Dkt. No. 193).

2

8. Allstate admits that it is a corporation organized under the laws of Delaware, but otherwise denies the allegations in paragraph 8. The other Defendants lack information to admit or deny the allegations in paragraph 8.

9. Bardin Hill admits the allegations in paragraph 9. The other Defendants lack information to admit or deny the allegations in paragraph 9.

10. Brigade admits the allegations in paragraph 10. The other Defendants lack information to admit or deny the allegations in paragraph 10.

11. Greywolf admits the allegations in paragraph 11 and avers that the direct and indirect members of Greywolf are also citizens of New Jersey. The other Defendants lack information to admit or deny the allegations in paragraph 11.

12. HPS admits the allegations in paragraph 12. The other Defendants lack information to admit or deny the allegations in paragraph 12.

13. Medalist admits the allegations in paragraph 13. The other Defendants lack information to admit or deny the allegations in paragraph 13.

14. New Generation admits the allegations in paragraph 14. The other Defendants lack information to admit or deny the allegations in paragraph 14.

15. Symphony admits that it is a limited liability company organized under the laws of California, but otherwise denies the allegations in paragraph 15, and avers that the direct and indirect members of Symphony are citizens of Delaware. The other Defendants lack information to admit or deny the allegations in paragraph 15.

16. Tall Tree admits the allegations in paragraph 16, and avers that direct and indirect members of Tall Tree are also citizens of Delaware. The other Defendants lack information to admit or deny the allegations in paragraph 16.

17. ZAIS admits the allegations in paragraph 17. The other Defendants lack information to admit or deny the allegations in paragraph 17.

## JURISDICTION AND VENUE

18. Defendants aver that paragraph 18 sets forth conclusions of law to which no responsive pleading is required, but to the extent a response is required, Defendants admit the allegations in paragraph 18.

19. Defendants admit that the parties are continuing to investigate whether there is complete diversity between Citibank and Bardin Hill, HPS, and Medalist.

20. Defendants aver that paragraph 20 sets forth conclusions of law to which no responsive pleading is required, but, to the extent a response is required, Defendants admit the allegations in paragraph 20.

21. Defendants aver that paragraph 21 sets forth conclusions of law to which no responsive pleading is required, but, to the extent a response is required, Defendants admit the allegations in paragraph 21.

22. Defendants aver that paragraph 22 sets forth conclusions of law to which no responsive pleading is required, but to the extent a response is required, Defendants admit the allegations in paragraph 22.

23. Defendants aver that paragraph 23 sets forth conclusions of law to which no responsive pleading is required, but to the extent a response is required, Defendants admit the allegations in paragraph 23.

## STATEMENT OF FACTS

**I.    Revlon's 2016 Loan**

24.    Defendants admit the allegations in paragraph 24, except denies that Defendants hold a portion of the loan. Defendants aver that the portions of the loan held by funds managed by Defendants were discharged as a result of the August 11 transfers by Citibank and that "Credit Agreement" is not defined in the Complaint. Defendants understand that Credit Agreement refers to the Term Credit Agreement among Revlon Consumer Products Corporation, Revlon, Inc., the Lender Parties Hereto, and Citibank, N.A., dated as of September 7, 2016.

25.    Defendants deny the allegations of paragraph 25, and refer to the Credit Agreement for the terms contained therein.

26.    Defendants admit that "Revlon is responsible for making periodic interest payments under the Credit Agreement," and that Revlon is permitted to pay principal ahead of schedule. Defendants deny the remaining allegations of paragraph 26, and refers to the Credit Agreement for the terms contained therein.

**II.    The August 11 Transfer**

27.    Defendants deny the allegations in paragraph 27.

28.    Defendants deny the allegations in paragraph 28.

29.    Defendants admit that "[a]round 5:30 p.m. on August 11, Citibank sent defendants notices of payment for each of the funds that defendants manage that held portions of the Revlon loan." Defendants further admit that paragraph 29 includes quotes from a notice that went to Brigade Opportunistic Credit LBG Fund LTD but otherwise deny the allegations in paragraph 29 and refer to the notice referenced therein for its full contents.

30.     Defendants admit that paragraph 30 includes quotes from a notice that went to Brigade Opportunistic Credit LBG Fund LTD but otherwise deny the allegations in paragraph 18 and refer to the notice referenced therein for its full contents.

31.     Defendants admit that paragraph 31 includes quotes from a notice that went to Brigade Opportunistic Credit LBG Fund LTD but otherwise deny the allegations in paragraph 31 and refer to the notice referenced therein for its full contents.

32.     Defendants admit that Plaintiff sent Brigade Opportunistic Credit LBG Fund LTD the exact amount of outstanding principal and interest owed on its loan, which was an amount greater than $152,424.25, and otherwise deny the allegations in paragraph 32.

33.     Defendants deny the allegations of paragraph 33.

### III.    Brigade's Conversion of Citibank's Funds

34.     Defendants lack knowledge or information sufficient to form a belief as to the allegations that "no principal payment was funded by Revlon" and "Citibank never modified the register to reflect a full or partial discharge of principal in connection with the overpayment," and therefore deny the allegations. Defendants otherwise deny the allegations of paragraph 34.

35.     Defendants deny the allegations of paragraph 35, except admit that the *Wall Street Journal* printed an article bearing that title, that other news services ran articles regarding the payments, and that Revlon claimed it "did not pay down the loan or any part of the loan."

36.     Defendants deny the allegations in paragraph 36, except admit that Citibank raised the issue of purported error with Defendants more than 16 hours after paying down the Term Loans.

37.     Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38, except admit that on August 12, 2020, certain 2016 Revlon Term Loan Lenders sent a notice of default to UMB Bank.

39. Defendants deny the allegations of paragraph 39, except admit that UMB Bank is the successor administrative agent under the Credit Agreement and, in that capacity, sent a notice of acceleration of loans to Revlon on August 12, 2020.

40. Defendants deny the allegations in paragraph 40, except admit that UMB Bank filed the Complaint in *UMB Bank v. Revlon*, No. 20-cv-06352, on August 12, 2020, and refer to that complaint for its contents.

41. Defendants deny the allegations in paragraph 41, except admit that Defendants have not returned funds transferred to 2016 Revlon Term Loan Lenders that they advise and that paragraph 41 quotes an email sent from Brigade to Plaintiff.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Unjust Enrichment

44. Defendants repeat, reallege, and incorporate by reference the foregoing responses as though fully set forth in this paragraph.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

### SECOND CAUSE OF ACTION
### Conversion

47. Defendants repeat, reallege, and incorporate by reference the foregoing responses as though fully set forth in this paragraph.

48. Defendants deny the allegations in paragraph 48.

49. Defendants admit that they have not returned funds transferred to 2016 Revlon Term Loan Lenders that they advise and otherwise deny the allegations in paragraph 49.

### THIRD CAUSE OF ACTION
### Money Had And Received

50. Defendants repeat, reallege, and incorporate by reference the foregoing responses as though fully set forth in this paragraph.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

### FOURTH CAUSE OF ACTION
### Payment By Mistake

54. Defendants repeat, reallege, and incorporate by reference the foregoing responses as though fully set forth in this paragraph.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

### GENERAL DENIAL

Except as otherwise previously admitted in paragraphs 1-57, Defendants deny each and every allegation contained in paragraphs 1-57 of the Complaint, including, without limitation, the headings, subheadings, footnotes, and prayers for relief.  Defendants expressly reserve the right to amend and/or supplement this Answer.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The 2016 Revlon Term Loan Lenders were creditors of Revlon, Plaintiff made voluntary and/or mistaken electronic payments to them in discharge of that debt, and the 2016 Revlon Term Loan Lenders and Defendants did not make misrepresentations or have notice of Plaintiff's alleged mistake. Therefore, neither the 2016 Revlon Term Loan Lenders nor Defendants are under a duty to make restitution therefor.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are preempted by the Uniform Commercial Code, as enacted in New York.

## FOURTH AFFIRMATIVE DEFENSE

4. The terms and conditions of the Credit Agreement, including section 10.7(b) thereof, and/or the common law, entitle the 2016 Revlon Term Loan Lenders to set off the funds received against the debt owed by Revlon.

## FIFTH AFFIRMATIVE DEFENSE

5. Defendants were not recipients of the payments at issue in this action, and are therefore not proper defendants in this action.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's damages, if any, were caused by persons other than Defendants, including Plaintiff itself.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred or reduced by Plaintiff's negligence and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claim for conversion is frivolous, unreasonable, and groundless, entitling Defendants to an award of attorneys' fees and costs for defending against the claim.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all affirmative defenses when and if they become appropriate, known, or available in this action, including during or after discovery. The assertion of any affirmative defense does not assume the burden of proof as to which applicable law places the burden on other parties.

| | |
|---|---|
| Dated: New York, New York<br>December 18, 2020 | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP |

By: */s/ Robert S. Loigman*
Michael B. Carlinsky
Robert S. Loigman
Benjamin I. Finestone
Adam M. Abensohn
Anil Makhijani
Sophia Qasir
Alexandre Tschumi
Zachary Russell
Mario Gazzola
Brendan Carroll
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
robertloigman@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
adamabensohn@quinnemanuel.com
anilmakhijani@quinnemanuel.com
sophiaqasir@quinnemanuel.com
alexandretschumi@quinnemanuel.com
zacharyrussell@quinnemanuel.com
mariogazzola@quinnemanuel.com
brendancarroll@quinnemanuel.com

Bennett Murphy
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
bennettmurphy@quinnemanuel.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that, on December 18, 2020, I served a true and correct copy of the foregoing document, titled "Answer to Amended Complaint" by e-mail, on Plaintiff's counsel of record, at:

Matthew D. Ingber
Christopher J. Houpt
Richard A. Spehr
Michael E. Rayfield
Luc W. M. Mitchell
Anjanique M. Watt
Allison J. Zolot
Alina Artunian
Anjanique M. Watt
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

John F. Baughman
Nathaniel E. Marmon
Andrew H. Reynard
299 Broadway, Suite 207
THE LAW OFFICES OF JOHN F. BAUGHMAN, PLLC
New York, New York 10007
(347) 241-6347

*Attorneys for Plaintiff*

               */s/ Sophia Qasir*