**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

IN RE CITIBANK AUGUST 11, 2020 WIRE
TRANSFERS

20 **CIVIL** 6539 (JMF)
**JUDGMENT**

-----------------------------------------------------------X

It is, **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Findings of Fact and Conclusions of Law dated February 16, 2021, at its heart, this case involves a clash between two basic intuitive principles. On the one hand, if one party sends money to another by mistake, the latter should generally be required to give it back. On the other hand, if one party owes money to another and pays that money back to the penny, the latter should generally be allowed to keep and use the money as it wishes, without fear that the former will develop a case of borrower's remorse and claim that the payment was by mistake. How to reconcile these principles would be hard enough in the abstract. It is even harder in an age when money can be transmitted from one party to another instantaneously and investors can, and often do, redeploy available funds almost as quickly. Were the Court writing on a blank slate, it is far from clear that it would reconcile these principles in a way that allowed the Non-Returning Lenders to keep the money that Citibank indisputably transferred by mistake. After all, Citibank realized its error and notified the Lenders within one day, and there is no evidence or suggestion that, in the intervening hours, the Non- Returning Lenders relied to their detriment on the belief that the transfers were an intentional, albeit unexpected, paydown of the 2016 Term Loan. But the Court does not write on a blank slate. Instead, it is bound by the decisions of the New York Court of Appeals and the

Second Circuit in Banque Worms. The New York Court of Appeals settled the question of whether lenders like those here must prove detrimental reliance in order to keep money that appears to be the payment on a bona fide debt. They do not. And in light of the Banque Worms opinions, the relevant time for evaluating whether a lender was on notice of a mistaken payment is clear. It is when the payment is received. These decisions compel the Court to conclude that the Non-Returning Lenders are entitled to keep the money that Citibank indisputably transferred by mistake on August 11, 2020. That is, for the reasons discussed above, the Court finds that the Non-Returning Lenders were not on notice of Citibank's mistake when they received the transfers. The transfers matched to the penny the amount of principal and interest outstanding on the loan. The accompanying notices referred to interest being "due," and the only way in which that would have been accurate was if Revlon was making a principal prepayment. And it appears that no mistake of the size or nature of Citibank's had ever happened before. Faced with these circumstances, the Non- Returning Lenders believed, and were justified in believing, that the payments were intentional. Indeed, to believe otherwise to believe that Citibank, one of the most sophisticated financial institutions in the world, had made a mistake that had never happened before, to the tune of nearly $1 billion would have been borderline irrational. Accordingly, and for the reasons discussed above, the Court holds that the August 11th wire transfers at issue were "final and complete transaction[s], not subject to revocation." Banque Worms, 570 N.E.2d at 196. That said, Defendants and their clients are not yet necessarily free to do with the money what they want. Given the possibility of appeal, Defendants agreed on the record at the close of trial that, in the event of a ruling in their favor on the merits, the temporary restraining orders currently in effect should remain in place until the parties could brief, and the Court could decide, what impact the ruling has on them. See Tr. 1333-35. Accordingly, unless and until the Court orders otherwise, the

temporary restraining orders at ECF No. 25; 20-CV-6617, ECF No. 16; and 20-CV-6713, ECF No. 14, remain in effect on Defendants' consent.  Judgment is entered in favor of the Defendants; accordingly, the case is closed.

**Dated:**  New York, New York
February 16, 2021

**RUBY J. KRAJICK**
_____
**Clerk of Court**
**BY:**
_____
**Deputy Clerk**