UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                     :

IN RE CITIBANK AUGUST 11, 2020 WIRE      :          20-CV-6539 (JMF)
TRANSFERS                                         :
                                                     :          ORDER
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

As noted in the Court's March 31, 2021 Order, ECF No. 262, oral argument on **April 9, 2021** at **10:00 a.m.** will be conducted remotely using the Impact Trial Consulting Zoom platform.  **Only counsel with speaking roles should have their cameras and microphones on; all others accessing the argument through the Zoom link should have their cameras off and microphones muted.**  Members of the public may listen to the proceeding by calling the Court's dedicated conference call line at (888) 363-4749 and using access code 542-1540#.  Recording of the proceeding is strictly prohibited by law.

Upon review of the parties' submissions, the Court is inclined to believe that Citibank may have the better of the argument as to irreparable harm.  (The Court intimates no views here on the other relevant factors, let alone on whether an injunction is warranted.)  Yes, generally there "can be no irreparable harm from the mere loss of money."  *AQ Asset Mgmt. LLC v. Levine*, 974 N.Y.S.2d 332, 342 (1st Dep't 2013).  But "an exception to this rule exists where the monies at issue are identifiable proceeds that are supposed to be held for the party" seeking relief.  *Id.*  Thus, courts have found irreparable harm where the potential dissipation of specific, identifiable funds would moot equitable claims for relief.  *See, e.g.*, *Dong v. Miller*, No. 16-CV-5836 (NGG) (JO), 2018 WL 1445573, at *10-11 (E.D.N.Y. Mar. 23, 2018); *Crawford & Co. Med. Ben. Tr. v. Repp*, No. 11-C-50155, 2011 WL 2531844, at *4 (N.D. Ill. June 24, 2011); *Janvey v. Alguire*, No. 3:09-CV-724 (N), 2010 WL 11619267, at *6-8 (N.D. Tex. June 10, 2010); *see also United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 496 (4th Cir. 1999) ("[W]hen a plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in in the interim invoke equity to preserve the *status quo* . . . .").  That is arguably the case here, as Citibank's claims are equitable in nature and it seeks return of specific, identifiable funds — namely, those transferred on August 11, 2020.

That said, money is generally fungible, and Citibank has not made a showing or argued that Defendants or the Lenders are at risk of insolvency.  That raises the possibility of an arrangement pending appeal that would moot Citibank's request for injunctive relief — reassuring Citibank that any victory on (or after) appeal would not be hollow, yet permitting Defendants or the Lenders to immediately use the money that the Court has ruled is theirs to use.  Specifically, the parties could agree pending appeal that Defendants (or the Lenders) are permitted to use the funds at issue as they please and that, in the event of reversal, Defendants (or the Lenders) would return an equivalent amount of money (with an appropriate rate of return) to Citibank.  In other words, Defendants or the Lenders would agree, in the event of reversal, to

repayment using substitute assets and agree not to argue that Citibank's claims have been mooted by dissipation of the specific, identifiable funds currently at issue.  The parties should promptly confer with respect to the foregoing and be prepared to discuss it at oral argument.

Beyond that, counsel should plan to focus predominantly on the three stay factors that do not relate to the merits: irreparable harm; harm to other parties; and the public interest.  Counsel should also be prepared to address (1) whether Citibank is required to show a likelihood of success on the merits if the other three factors weigh in its favor; and (2) whether it suffices for Citibank to show that there are "serious questions" going to the merits of the dispute and that the balance of hardships tips decidedly in its favor.  *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.,* 598 F.3d 30, 35 (2d Cir. 2010); *see, e.g., In re A2P SMS Antitrust Litig.,* No. 12-CV-2656 (AJN), 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) ("A 'serious questions' standard is particularly appropriate when a district court is asked to stay its own order; under such circumstances, the court has already determined that the applicant failed to succeed on the merits.  Asking the district court to then find that the movant is likely to succeed on the merits on appeal would require the district court to find that its own order is likely to be reversed — a standard that for practical purposes is rarely going to be satisfied.").  Finally, counsel should be prepared to address whether, if an injunction is granted, Citibank should be required to post a bond and, if so, the amount of the bond.

The Court anticipates giving each side approximately twenty minutes of argument time, beginning with Citibank as the moving party and ending with rebuttal.

SO ORDERED.

Dated: April 8, 2021
      New York, New York

                                           JESSE M. FURMAN
                                   United States District Judge